THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BYRON CHICHESTER, Appellant.

Third Department, November 12, 1941.

*David B. Alford,* for the appellant.

*Thomas W. Wallace, District Attorney* [*William M. Nicoll* of counsel], for the respondent.

PER CURIAM. Appeal from a judgment of the Schenectady County Court rendered on the 2d day of June, 1941, upon conviction of appellant of the crime of criminal negligence in the operation of a motor vehicle resulting in death and sentencing him as a second offender to imprisonment for not less than five nor more than ten years, and from an order denying defendant's motion to dismiss the information charging him with being a second offender, or, in the alternative, allowing him to withdraw his plea of guilty to the indictment and to enter a plea of not guilty thereto.

Defendant was arraigned on February 20, 1940, and pleaded not guilty. Trial was set for February 27, 1940, at which time he withdrew his plea of not guilty and entered a plea of guilty. On March 5, 1940, defendant was sentenced, as a first felony offender, to imprisonment in Clinton State Prison for an indeterminate term of not less than one year and nine months and not more than five years. About a year later, on advice of the warden of Clinton Prison that the defendant had a prior felony conviction, he was returned to the Schenectady County Court and an information filed against him charging him with such prior conviction. Defendant then moved for an order dismissing this information, or, in the alternative, that he be permitted to withdraw his plea of guilty to the indictment and to enter a plea of not guilty. This motion was denied. Defendant was then arraigned upon the information and he remained silent. A trial of the defendant on such information was had and the jury determined that he was the same person who had been previously convicted as charged in the information.

At the time defendant was originally sentenced, the criminal statistics available to the district attorney's office and the county judge did not reveal a prior felony conviction. Defendant's counsel alleges that after defendant had pleaded guilty he discovered such prior conviction and advised the court and district attorney's office of it, and that they decided that defendant could not be prosecuted as a second offender because there was no record of such

prior conviction with the Department of Correction. The record clearly shows that defendant's plea of guilty would not have been entered to the original indictment if he had known that he might be charged as a second offender, and it is apparent that all parties concerned, including the court, the district attorney, the defendant and his counsel, believed that defendant could not be punished as a second offender, and his plea of guilty was entered with that understanding. In view of this situation ordinary fairness required that once it was learned that defendant was a second offender he should have been allowed to withdraw his plea of guilty and to enter a plea of not guilty.

But, aside from this, the trial of the defendant on the information charging him with being a second offender was not fair. The court charged that the record of conviction showed that "this man" was previously convicted and that the court on such previous conviction fined "this man" a certain amount. It further charged that "the people of the State of New York and this Court ask at your hands and maintain they have shown to your satisfaction by clear, convincing and believable evidence that this Byron Chichester, now before the Court, is the same person." The court further charged that the judge presiding at the previous trial correctly sentenced "this man." In view of this charge there was nothing left for the jury to pass upon.

The judgment of conviction and sentence should be reversed upon the law and facts, and a new trial granted, and the order denying defendant's motion to withdraw his plea of guilty and to enter a plea of not guilty should be reversed upon the law and facts, and such motion should be granted.

HILL, P. J., BLISS, HEFFERNAN and FOSTER, JJ., concur; CRAPSER, J., dissents and votes to affirm.

Judgment of conviction and sentence reversed upon the law and facts, and a new trial granted, and the order denying defendant's motion to withdraw his plea of guilty and to enter a plea of not guilty reversed upon the law and facts, and such motion granted.