THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH PATERNO, Defendant.

County Court, Chautauqua County, October 27, 1943.

*Joseph Paterno,* defendant in person.

*Edwin G. O'Connor, District Attorney,* for plaintiff.

OTTAWAY, J. The defendant pleaded guilty in County Court of this county to a charge of robbery in the second degree. At the time of sentence he also admitted that he was the same person who was, on July 16, 1937, convicted in Erie County of the crime of attempted grand larceny in the second degree. On this earlier conviction he had received a suspended sentence. In our court, on the charge of robbery in the second degree, defendant was sentenced as a second offender. He now seeks an order for his return to court and for resentence, asserting that the conviction in Erie County is void.

It is claimed that defendant was originally charged in Erie County with receiving stolen property; that on arraignment the District Attorney moved to reduce the charge to attempted grand larceny in the second degree; that the motion was granted, the charge reduced, a plea of guilty to the reduced charge entered, and defendant given a suspended sentence.

Defendant now urges that the procedure on this conviction in Erie County was irregular and the conviction void as attempted grand larceny in the second degree cannot be con-

sidered a lesser degree of the crime with which he was first indicted (receiving stolen property).

There is, of course, precedent for his interpretation of the law governing pleas to *lesser degrees of the same crime.* Whether it is applicable here we do not decide but address ourselves to the more important question of whether a county court (a court of limited jurisdiction) may pass upon the validity of a judgment of conviction in another court of record of this State.

It is a basic rule of law that the judgment of a court of record shall not be subject to collateral attack. Our Code of Criminal Procedure states an application of this principle in section 515, where it is provided that " hereafter the only mode of reviewing a judgment or order in a criminal action or proceeding, or special proceeding of a criminal nature, is by appeal." The strictness with which this rule is to be applied is indicated in *People* v. *Carmichael* (249 N. Y. 189), *People* v. *Wolf* (247 N. Y. 189), and *People* v. *Kevlon* (247 N. Y. 192).

It is urged, however, that what is being asked is not a review of the judgment of conviction but only a determination of whether such a judgment exists. With this reasoning we are not in accord.

It is argued that the legal principles regarding the first conviction are so well established that the first judgment of conviction is clearly void. Of course, the answer is that the clarity of the error should not control the practice.

If the judgment may be questioned at all it should be questioned for any substantial irregularity which might make it void. Clearly, the practice of having one trial judge review and declare void the judgment of another court of record is a dangerous procedure and may lead to every judge who sits to sentence any offender being required to sit in review of every judgment of conviction of the defendant. As our practice provides for the presentation of indictments both in Supreme Court and County Court, this will perhaps result in County Courts, (of limited jurisdiction) declaring void the judgments of Supreme Court (a court of general or unlimited jurisdiction). This must inevitably be the result if we discard our time-honored principle that the judgment of a court of record shall be given full force and credit until declared void on direct attack and shall not be subject to collateral attack.

It has been argued in other cases that the sentencing judge must determine various questions of law, such as the form of the information charging previous offenses; whether the offense

charged was a felony or a misdemeanor; and whether the previous conviction in another State would have been a felony if the conviction had occurred here. (See *People* v. *Bigley,* 178 Misc. 552, 553.) These incidental questions have nothing to do with the regularity or the validity of the conviction itself. Section 1941 of the Penal Law, relating to punishment as a second offender, relates to " A person, who, after having been once or twice *convicted* within this state, of a felony   *   *   * " (italics supplied). We are not to determine previous guilt. We are to decide only whether there was a previous conviction. The emphasis being on previous *conviction* rather than guilt of a previous offense, there is no implied power or jurisdiction given by this part of the statute to determine the " validity " of the previous judgment of conviction.

The application before us is a motion for resentence in County Court. The records of Erie County still show the previous conviction of the defendant there. This is not a case where the first conviction is in the same court as the second. As to such a state of facts we express no opinion. This is not an application for relief by habeas corpus, where the regularity of each step in the proceedings by which defendant is held can be questioned.

This relates only to the sentencing of a defendant who has *in fact* been previously " convicted " of a felony, that previous conviction standing as the unimpeached judgment of a court of record. We have no jurisdiction in this court to attack such judgment directly, and we should have no power to attack it collaterally. Motion denied.