THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL SEDLAK, Appellant, against JOHN F. FOSTER, as Warden of Auburn State Prison, et al., Respondents.

Argued April 20, 1949; decided June 2, 1949.

*Raymond J. Mino* for appellant. I. Relator has sufficiently established that the judgment of conviction fails to satisfy the requirements of due process and is, therefore, void. (*Foster* v.

*Illinois*, 332 U. S. 134; *Canizio* v. *New York*, 327 U. S. 82; *United States* v. *Steese*, 144 F. 2d 439; *People* v. *McLaughlin*, 291 N. Y. 480; *Johnson* v. *Zerbst*, 304 U. S. 458; *United States* v. *Haupt*, 136 F. 2d 661; *People* v. *Youlio*, 214 App. Div. 793; *People* v. *Molineux*, 168 N. Y. 264; *People ex rel. Moore* v. *Hunt*, 258 App. Div. 24; *Powell* v. *Alabama*, 287 U. S. 45.) II. Since the judgment of conviction fails to satisfy the requirements of due process, and there is no other remedy at hand, habeas corpus is the proper remedy. (*Matter of Morhous* v. *New York Supreme Court*, 293 N. Y. 131; *People ex rel. Wachowicz* v. *Martin*, 293 N. Y. 361; *People ex rel. Harrison* v. *Jackson*, 298 N. Y. 219.)

*Nathaniel L. Goldstein, Attorney-General* (*William S. Elder, Jr., Wendell P. Brown* and *Herman N. Harcourt* of counsel), for respondents. I. Habeas corpus is not the proper procedure to attack a judgment of conviction upon the alleged ground that the prisoner had not been advised of his right to counsel. (*People ex rel. Martine* v. *Hunt*, 266 App. Div. 822, 294 N. Y. 651; *Matter of Hogan* v. *Court of General Sessions*, 296 N. Y. 1; *People ex rel. Stevens* v. *Morhous*, 269 App. Div. 461; *People ex rel. Harrison* v. *Jackson*, 298 N. Y. 219; *Matter of Morhous* v. *New York Supreme Court*, 293 N. Y. 131; *Canizio* v. *New York*, 327 U. S. 82.) II. It will be presumed that appellant was advised of his right to counsel upon his arraignment. (*People ex rel. Kruger* v. *Hunt*, 257 App. Div. 917; *People ex rel. Stubkjaer* v. *Morhous*, 266 App. Div. 695; *People ex rel. Asaro* v. *Morhous*, 268 App. Div. 1016; *People ex rel. Montagno* v. *Morhous*, 267 App. Div. 797, 292 N. Y. 678; *People ex rel. Johnson* v. *Foster*, 271 App. Div. 809, 296 N. Y. 1060; *People ex rel. Albanese* v. *Hunt*, 266 App. Div. 105, 292 N. Y. 528; *Foster* v. *Illinois*, 332 U. S. 134.)

CONWAY, J. On September 26, 1927, in the Kings County Court, the relator entered a plea of guilty to the crime of robbery in the first degree and on November 28, 1927, he was sentenced to a term of fifteen to twenty years imprisonment. He was paroled on three different occasions in succeeding years, but each time was declared delinquent and returned to prison. Finally the Parole Board determined that he be " held for full maximum which will not expire until September 28, 1947."

About seventeen years after the imposition of his sentence, relator made a motion in the Kings County Court, in the nature

of a writ of error *coram nobis,* to vacate and set aside the 1927 judgment of conviction on the ground that he had then been deprived of his constitutional right to counsel. After a hearing on January 10, 1945, at which relator appeared with an attorney, the motion was denied.

On August 8, 1945, relator obtained a writ of habeas corpus in the Supreme Court, Cayuga County, directed to the Warden of Auburn State Prison. In his petition for the writ relator alleged that his 1927 conviction was illegal and unlawful on the ground above stated. Special Term sustained the writ and, by order dated December 21, 1945, directed that relator be discharged from imprisonment forthwith.

Upon appeal, the Appellate Division, by order dated July 8, 1948, reversed the order of Special Term on the law and facts, dismissed the writ and remanded relator to the custody of the warden. At the time of the issuance of the order of Special Term directing his discharge, relator still had about two years left to serve on his sentence, and, pursuant to the order of the Appellate Division, it appears that he was returned to prison sometime after July 8, 1948, and is now serving the balance of such sentence.

The reversal in the Appellate Division was predicated upon two grounds, first, that the presumption of regularity was not overcome by any evidence presented upon the return of the writ, and, secondly, that the writ of habeas corpus is not the proper remedy.

On the appeal to this court, we need not consider the merits of relator's claim that he was unconstitutionally deprived of his right to counsel, for we agree with the Appellate Division that habeas corpus is not the proper remedy.

Relator is restrained under a final judgment of conviction rendered by the Kings County Court, which, of course, is a competent tribunal having jurisdiction of the person of the accused and general jurisdiction of criminal offenses. That being so, under our statute (Civ. Prac. Act, § 1231) and cases (*People ex rel. Carr* v. *Martin,* 286 N. Y. 27, 36; *Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131, 136, 137–138; *People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361, 366; *People ex rel. Harrison* v. *Jackson,* 298 N. Y. 219, 224), habeas corpus would not ordinarily be the proper remedy, and there is no exceptional circum-

stance here present which would justify another and different court, without appellate jurisdiction, in setting aside such a judgment of conviction.

Relator, of course, under our decisions, has an appropriate corrective process available to him in a proceeding before the sentencing court to vacate and set aside the judgment of conviction, i.e., a motion in the nature of a writ of error *coram nobis*. We have consistently recognized that *coram nobis* will lie as a remedy for a prisoner, such as relator, who claims to have been unconstitutionally deprived of his right to counsel. Thus, in *Matter of Hogan v. Court of General Sessions* (296 N. Y. 1, 9) we said: "As to the second conviction, without considering the merits, we are constrained to conclude that the failure to advise the defendant of his right to counsel, in the light of all the surrounding circumstances as they may be developed in further proceedings, may require the exercise of the court's extraordinary power to vacate its own judgments as upon a writ of error *coram nobis*." And in *Matter of Bojinoff v. People* (299 N. Y. 145), we expressly sanctioned such practice.

Furthermore, as numerous decisions of this court attest, *coram nobis* is not only a proper remedy in this situation, but it is the *exclusive* remedy. (*People ex rel. Martine v. Hunt,* 266 App. Div. 822, motion for leave to appeal denied 294 N. Y. 651; *People ex rel. Varelli v. Brophy,* 267 App. Div. 1042, motion for leave to appeal denied 294 N. Y. 644; *People ex rel. Scharch v. Martin,* 268 App. Div. 886, motion for leave to appeal denied 294 N. Y. 644; *People ex rel. Ferraiolo v. Jackson,* 269 App. Div. 920, motion for leave to appeal denied 295 N. Y. 991; *People ex rel. Madden v. Foster,* 271 App. Div. 809, affd. 297 N. Y. 925.)

Relator, however, argues that habeas corpus should be permitted here, because his motion in the nature of a writ of error *coram nobis* was denied in 1945 and, at that time, no appeal could be taken from such determination. (*People v. Gersewitz,* 294 N. Y. 163.) The contention is clearly untenable. Even before the Legislature (L. 1947, ch. 706) permitted appeals from such orders, we had decided that habeas corpus would not lie in a situation such as that presented in the instant case, and that *coram nobis* was the exclusive remedy. Despite the inability to appeal therefrom, *coram nobis* was held to be an adequate and appropriate corrective process. But, beyond that, relator is not now

precluded from obtaining leave to move again in the Kings County Court to vacate and set aside the judgment of conviction. If leave be refused or the motion again be denied, the correctness of such determination may now be reviewed on appeal. (*Matter of Bojinoff* v. *People, supra;* cf. *Salinger* v. *Loisel,* 265 U. S. 224, 230–231.)

The order of the Appellate Division should be affirmed.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and BROMLEY, JJ., concur.

Order affirmed.