**Application of TURPIN.**

United States District Court
S. D. New York.
April 24, 1950.

Nathaniel L. Goldstein, Attorney General of New York, for respondent William E. Snyder, Warden of Sing Sing Prison, Louis Winer, Assistant Attorney General of counsel.

Henry K. Chapman and Joseph Aronstein, New York City, for petitioner, Charles P. Sullivan, District Attorney of Queens County, Long Island City, N. Y., Howard R. Lonergan, Asst. District Attorney, New York City, of counsel.

CONGER, District Judge.

On August 22, 1945 in the County Court for Richland County, State of Wisconsin,

the petitioner pleaded guilty to an information charging larceny and illegal use of an automobile. He was sentenced to two terms of one to three years each, to run consecutively. After various commutations, he was released on parole in December, 1946, and permitted to go to New York on parole under supervision pursuant to the Wisconsin statutes.

On October 1, 1947 he was convicted of the crime of attempted grand larceny in the second degree upon his plea of guilty in the Queens County Court, New York.

Thereafter, an information pursuant to Section 1943 of the Penal Law of New York, McK.Consol.Laws, c. 40, was filed in the Queens County Court accusing the petitioner of having been convicted of a crime in the State of Wisconsin, which crime, if committed within this State would be a felony. The petitioner admitted that he was the same person mentioned in the information.

Thereupon he was sentenced to an indeterminate term in Sing Sing of two to four years, the sentencing Judge being compelled by law to increase the penalty because of the petitioner's prior conviction in Wisconsin. He is presently detained in Sing Sing.

After the Queens County conviction, petitioner was advised by counsel that his conviction in Wisconsin was illegal and void for the reason that the Court failed to advise petitioner of his right to counsel under the provisions of the statutes and Constitution of Wisconsin and the Fourteenth Amendment of the Constitution of the United States.

On December 7, 1948, petitioner moved in the Richland County Court, Wisconsin, for the issuance of a writ of error *coram nobis* to set aside the conviction in that Court on the grounds mentioned before. The matter was transferred to the Circuit Court of said County, the County Judge having disqualified himself because of knowledge of the matter acquired prior to his appointment as County Judge.

The Circuit Court denied the application upon the ground that *coram nobis* was not the proper remedy. This decision was affirmed by the Supreme Court of Wisconsin [1], and a petition in the Supreme Court of the United States for a writ of certiorari was denied.[2]

The petitioner applied in this Court for a writ of *habeas corpus* directed to the Warden of Sing Sing Prison claiming that he has exhausted all the remedies available to him in the State Courts, and seeking, as I understand, to have this Court set aside his Wisconsin conviction so that the Queens County Court may regard him as a first offender and thus lessen his punishment *pro tanto*.

I issued an order to show cause why the writ should not be granted, directing notice to the proper persons, and on the return thereof, heard argument on the matter.

Before denying the petitioner's application, as I feel I must, I think I should elaborate upon what appears to be an unusual situation.

Section 2254 of Title 28 of the new United States Code Annotated provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

The petitioner has never had a decision on the merits of his claim. As I stated before, a lower Court and the Supreme Court of Wisconsin decided that *coram nobis* was not the proper remedy. Both Courts asserted that *habeas corpus* would be the

1. 255 Wis. 358, 38 N.W.2d 495.

2. 338 U.S. 936, 70 S.Ct. 351.

correct procedure if petitioner were in custody in Wisconsin.

In New York, *coram nobis* would be the proper remedy [3] to correct such an infirmity as the petitioner claims except that such a procedure must be instituted in the sentencing court which in this case is, of course, Wisconsin. *Habeas corpus* would not be proper. N.Y.C.P.A. Section 1231(2).

By virtue of a unique conflict in practice between Wisconsin and New York, the petitioner appears unable now to find a forum to decide his claim which may have merit. See State ex rel. Doxtater v. Murphy, 248 Wis. 593, 22 N.W.2d 685; See also Foster v. People of State of Illinois, 332 U.S. 134, 67 S.Ct. 1716, 91 L.Ed. 1955, in which the Supreme Court held that it is not necessarily violative of the Fourteenth Amendment for a State Court to fail to advise a defendant of his rights to counsel or furnish counsel to him in non-capital cases.

But it does not appear that the petitioner has always been deprived of the opportunity to raise the question. He is confined in Sing Sing Prison under a valid order of the County Court of the County of Queens, which Court had jurisdiction of petitioner's person and of the subject matter. He did not question the charge in the Queens County Court. Neither did he raise the question of the violation of his constitutional rights by the conviction in Wisconsin. Petitioner wants to be relieved of his imprisonment under the sentence of the Queens County Court and yet he never even laid the foundation for that claim when he pleaded guilty. He now raises it in this Court for the first time. In other words, he is asking this Court to review a conviction *de novo* without at least laying the foundation in the State Courts. When the petitioner pleaded guilty as a second offender (at which time he was represented by an attorney) I am of the opinion that he waived whatever rights he may have had. "Since the process leading up to the second sentence is not challenged he cannot now, so far as the United States Constitution is concerned, by a flank attack, challenge the sentence * * *" in Wisconsin. Gayes v. State of N. Y., 332 U.S. 145, 149, 67 S.Ct. 1711, 1713, 91 L.Ed. 1962

Writ denied.

---

3. People v. McCullough, 300 N.Y. 107, 89 N.E.2d 335.