## UNITED STATES ex rel. TURPIN v. SNYDER.

### No. 247, Docket 21688.

United States Court of Appeals Second Circuit.

Argued June 8, 1950.

Decided July 6, 1950.

Henry K. Chapman and Joseph Aronstein, New York City, for relator-appellant.

Nathaniel L. Goldstein, Attorney General of the State of New York, Louis Winer, Assistant Attorney General, of counsel, for appellee.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On August 22, 1945 the relator William Turpin, Jr., pleaded guilty in Wisconsin to an information charging him with larceny and an illegal use of an automobile. He was sentenced by the County Court of Richland County to two terms of one to three years each, to run consecutively, but in December 1946 was released on parole and permitted to go to New York, under supervision, pursuant to the Wisconsin statute.

On October 1, 1947, the relator was convicted of the crime of attempted grand larceny in the second degree, upon his plea of guilty in the Queens County Court of New York.

Thereafter, in an information, pursuant to Section 1943 of the Penal Law of New York, Consol.Laws, c. 40, filed November

19, 1947, he was charged with having been convicted of a crime in Wisconsin which, if it had been committed in New York, would have been a felony and was sentenced as a second offender, because of his prior Wisconsin conviction, to an indeterminate term in Sing Sing Prison of from two to four years. After the Queens County conviction he was advised by counsel that his conviction in Wisconsin was illegal and void because the court had failed to advise him of his right to counsel as prescribed by the provisions of the statutes and Constitution of Wisconsin and by the Fourteenth Amendment of the Constitution of the United States.

On December 7, 1948, the relator moved in the court which had originally sentenced him in Wisconsin for the issuance of a writ of error *coram nobis* to set aside the conviction there because of the failure of the court to advise him of his right to counsel. The matter was transferred to the Circuit Court of Richland County which denied his application on the ground that *coram nobis* was not the proper remedy. Its decision was affirmed by the Supreme Court of Wisconsin which held that the proper remedy was not *coram nobis* but *habeas corpus*. State of Wisconsin v. Turpin, 255 Wis. 358, 38 N.W.2d 495. But the latter writ would only be available in the event that the relator surrendered himself to the Wisconsin authorities. The Wisconsin Supreme Court did not pass upon the question whether the relator had been deprived of his constitutional rights through the failure of the county court to advise him of his right to counsel and limited its decision to a holding that a writ of *coram nobis* would not issue from that court. A petition to the United States Supreme Court for a writ of certiorari was denied. 338 U.S. 936, 70 S.Ct. 351.

Thereafter, the relator filed his petition in the United States District Court for the Southern District of New York for a writ of *habeas corpus*, which was denied, 91 F.Supp. 47, on the ground that he had failed to raise the question of the invalidity of the Wisconsin conviction at the time when he was sentenced in Queens County, New York, as a second offender.

In reaching this result the District Court relied on the decision in Gayes v. State of New York, 332 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962. That was a case in which a petitioner had failed to raise the question of the invalidity of his prior conviction in another New York court when he was being sentenced as a second offender. Mr. Justice Frankfurter, who announced the judgment of the Supreme Court which denied relief, said: * * * Gayes is complaining of his sentence following his plea of guilty in 1941. What he wants is to be relieved of his imprisonment under that sentence. That sentence, to be sure, partly took into account his earlier sentence in 1938. But upon his subsequent sentence, as a second offender, in 1941, he had full opportunity, so far as appears, to contest whatever infirmity he may have claimed in the earlier sentence when the fact of that sentence was included in the sentence which he is now serving." 332 U.S. at page 148, 67 S.Ct. at page 1713. In a footnote, the Justice added:

"According to the State, Gayes could have raised the claim he now makes against the 1938 conviction at the time he was sentenced in 1941, and from a denial of relief could have appealed to the higher courts. This was not contradicted by the petitioner and is not brought into question in any opinion of the higher courts of New York. It has been ruled in courts of very limited authority that a second offender cannot apply for resentence on a claim that there was a defect in the first sentence imposed by another court. See People v. Keller, 37 N.Y. S.2d 61 (Gen.Sess. N. Y. County), and People v. Paterno, 182 Misc. 491, 50 N.Y.S.2d 713 (Chatauqua County Court). Neither case, however, presented the claim that a violation of the United States Constitution vitiated the first sentence, and neither case raised the power of the court at the time of sentencing to consider such a claim. It is certainly within the power of a duly advised defendant, before pleading guilty as a second offender, to raise the constitutional invalidity of the first sentence so as to secure opportunity appropriately to challenge such invalidity. Nothing that is herein decided precludes petitioner from

raising a denial of his constitutional right upon a record that discloses circumstances other than those before us. An order on such a motion is now reviewable by the New York Supreme Court and in certain instances by the New York Court of Appeals." 332 U.S. at page 149, 67 S.Ct. at page 1713.

The New York Court of Appeals in a decision later than the one by the Supreme Court in Gayes v. State of New York, 332 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962, held that coram nobis is the proper mode of attacking the validity of a prior conviction but that it must be brought in the court that imposed the original sentence. In People v. McCullough, 300 N.Y. 107, 110 89 N.E.2d 335, 337, Judge Fuld made the following statement:

"A motion in the nature of a writ of error coram nobis is the proper remedy in this State to set aside a judgment obtained in violation of such a constitutional right. (See People ex rel. Sedlak v. Foster, 299 N.Y. 291, 294, 86 N.E.2d 752; Matter of Bojinoff v. People, 299 N.Y. 145, 152, 85 N.E.2d 909; Matter of Hogan v. Court of General Sessions, 296 N.Y. 1, 9, 68 N.E. 2d 849.) That does not, however, mean that it may be availed of in a court other than the one in which the judgment was rendered. On the contrary, as its ancient common-law title—quae coram nobis resident (3 Blackstone's Commentaries [Chitty ed.], p. 407, n. 3)—plainly signifies, its function was and is simply to call certain matters to the attention of the court in which the case was tried. (See People v. Gersewitz, 294 N.Y. 163, 168, 61 N.E.2d 427; Matter of Morhous v. Supreme Court of New York, 293 N.Y. 131, 140, 56 N.E.2d 79; see, also Fitzherbert, Natura Brevium [1553], fols. 20 D. et seq.; fol. 21 I; 1 Rolle's Abridgement [1668], pp. 746-747; Tidd's Practice [4th ed. 1808], p. 1032.) It follows therefore, that a defendant may not in this state challenge the validity of a judgment of a court of another jurisdiction by coram nobis' (See People v. Comparetto, 299 N.Y. 648, 87 N.E.2d 54)."

The opinion of Mr. Justice Frankfurter which we have cited does not seem to be applicable to the case at bar and in our view does not require that the failure of the relator to attack the Wisconsin conviction when he was sentenced in New York as a second offender should be regarded as a waiver of any objection to his conviction in Wisconsin.

The relator seems to have had no means of testing, in the state courts, the validity of his first conviction in order to claim that he is not a second offender. Under the Wisconsin law he cannot question it because he must raise his objection by a writ of habeas corpus. He cannot employ that writ because he is not within the custody of Wisconsin officials. He cannot question his Wisconsin conviction in the New York state courts because under the New York practice he must apply to the court of original sentence if he seeks to nullify that sentence. If he cannot have the claim that he is not subject to sentence as a second offender determined in the tribunal he has selected, he cannot seek relief anywhere. His application to the United States District Court meets the requirements of 28 U.S.C.A. § 2254.[1] While we intimate nothing as to the effect of the alleged failure to inform the relator of his right to counsel in disregard of the Wisconsin statute upon the validity of his first conviction, we think he should be able to test the question in the United States District Court for the Southern District of

---

1. 28 U.S.C.A. § 2254
"State custody; remedies in State courts.
"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

New York, where he is now imprisoned. We accordingly hold that the order of the court below should be reversed and the proceeding remanded with directions to the district court to pass upon the merits of the petitioner's claim.

Reversed and remanded.