## UNITED STATES v. LAVELLE.
### No. 25, Docket 22046.

United States Court of Appeals
Second Circuit.

Argued Nov. 7, 1951.

Decided Jan. 28, 1952.

Richard M. FitzSimmons and Winthrop, Stimson, Putnam & Roberts, all of New York City, for appellant.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y. (George W. Percy, Jr., and Phillip J. Hirsch, Asst. U. S. Attys., Brooklyn, N. Y., of counsel), for appellee.

Before SWAN and FRANK, Circuit Judges and COXE, District Judge.

SWAN, Chief Judge.

This is an appeal from an order denying the appellant's motion under 28 U.S.C.A. § 2255 to vacate a sentence of 18 months'

imprisonment imposed in March 1943 on plea of guilty to an indictment which charged him with forging a postal money order and uttering the same in violation of 18 U.S.C.A. § 347 (1940 ed.)[1]. No appeal was taken and he duly served this sentence. He is currently confined under a state conviction of grand larceny to which he pleaded guilty in the County Court, Kings County, on November 27, 1945 and for which he was sentenced to a long imprisonment as a second offender, N.Y.Penal Law, McK. Consol.Laws, c. 40, § 1941, because of his prior federal conviction. In June 1949 he was released on parole but on November 23, 1949 was returned to prison because of forgery committed while on parole. The appellant's motion, filed November 8, 1950, alleges that his federal conviction is void because his plea of guilt was made without the assistance of counsel and without his having been informed of his constitutional right to such assistance. He was granted an oral hearing, at which he testified and was represented by court appointed counsel, before the same judge who had taken his plea and imposed the sentence. At the conclusion of the hearing the judge filed a written opinion in which he found that the defendant had understood the charges made against him and the punishment which might be imposed and had intelligently and competently waived his right to counsel.

On the appeal the appellant has been represented by assigned counsel to whom the court wishes to express its thanks and commendation for this public service ably performed.

Before we can reach the merits of the controversy we must determine whether the District Court had jurisdiction to entertain the appellant's motion. United States v. Bradford, 2 Cir., 1952, 194 F.2d 197. The question whether the remedy provided by section 2255 is available to a convicted defendant who has completely executed his sentence and been released from custody thereunder had not been decided by this court at the date of the hearing on the appellant's motion. We noted the existence

1. 1948 Revised Crimi nal Code, 18 U.S.C.A. § 500.

of the question in United States v. Rockower, 2 Cir., 171 F.2d 423, 425, but did not find it necessary to determine it.[2] It was, however, determined in United States v. Bradford, supra. In accord with that decision is Lopez v. United States, 9 Cir., 186 F.2d 707, affirming the lower court upon the authority of Crow v. United States, 9 Cir., 186 F.2d 704. Since the appellant was not in custody under the sentence his motion attacked, the District Court lacked jurisdiction to entertain it. Accordingly the order is reversed and the cause remanded with directions to dismiss the motion for lack of jurisdiction.

2. Cf. United States ex rel. Turpin v. Snyder, 2 Cir., 183 F.2d 742, where release from state imprisonment was sought by habeas corpus.