**UNITED STATES ex rel. LAVELLE v. FAY.**

No. 33, Docket 22401.

United States Court of Appeals
Second Circuit.

Argued April 15, 1953.

Decided June 4, 1953.

Breed, Abbott & Morgan, Stuart H. Johnson, Jr., New York City, of counsel, for relator-appellant.

Nathaniel L. Goldstein, Atty. Gen. of N. Y., Wendell P. Brown, Sol. Gen., Albany, N. Y., Samuel A. Hirshowitz and Vincent A. Marsicano, Asst. Attys. Gen., of N. Y., of counsel, for respondent-appellee.

Before SWAN, Chief Judge, and AUGUSTUS N. HAND and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The relator sought a writ of habeas corpus in the District Court for the Southern District of New York on the ground that his present New York sentence as a second offender is illegal since his prior federal conviction was invalid on the constitutional ground that he was deprived of the assistance of counsel at his trial, and that therefore he should be remanded to the New York State Court for resentencing as a first offender.

On March 28, 1943, the relator was sentenced to a term of eighteen months by the District Court for the Eastern District of New York on a plea of guilty to the crime of forging a postal money order. On December 20, 1943, he was released on parole. It is this conviction that is claimed to be void because the relator neither was afforded the assistance of counsel nor waived his constitutional right thereto when he entered his plea of guilty. U.S.Const. Amend. VI.

Subsequently he was tried in the County Court of Kings County, New York, and

convicted of the crime of grand larceny in the first degree. On November 27, 1945, pursuant to § 1941 of the New York Penal Law, McKinney's Consol.Laws, c. 88, he was sentenced as a second felony offender to State's Prison for an indeterminate term of from five to fifteen years.

On November 8, 1950, he moved in the District Court for the Eastern District of New York under the provisions of 28 U.S.C.A. § 2255 to vacate his conviction in that court on the same grounds now asserted in his petition for a writ of habeas corpus. After a hearing the judge determined that Lavelle had competently and intelligently waived his right to counsel and denied the motion on the merits. On appeal, this Court reversed without passing on the merits and remanded the case with directions to dismiss on the ground that the remedy provided by § 2255 was not available to a person who was not in custody under the sentence his motion attacked. United States v. Lavelle, 2 Cir., 194 F.2d 202; cf. United States v. Bradford, 2 Cir., 194 F.2d 197, certiorari denied 343 U.S. 979, 72 S.Ct. 1079, 96 L.Ed. 1371.

On March 19, 1952, the present petition for a writ of habeas corpus was brought in the District Court for the Southern District of New York in which district the relator was then confined. 28 U.S.C.A. § 2241 et seq. The District Court dismissed the petition without a hearing, apparently on the ground that there was no allegation that Lavelle was innocent of the crime of which he claimed to have been illegally convicted or any other indication that his conviction in the federal court was unfair. A petition for a rehearing was denied on May 2 and he filed his notice of appeal from the order dismissing his petition for a writ of habeas corpus on May 5.

On July 23, this court denied a motion to dismiss the appeal as frivolous and for want of a certificate of probable cause. A motion to proceed in *forma pauperis* was granted to Lavelle and counsel appointed to prose-

cute this appeal on his behalf. Later a second motion to dismiss the appeal was made on the ground that, even assuming the invalidity of the first conviction, Lavelle could not be said to be illegally detained until the expiration of the maximum possible sentence that could have been imposed upon him as a first offender, and that therefore a writ of habeas corpus could not be granted. Cf. McNally v. Hill, 293 U.S. 131, 136–138, 55 S.Ct. 24, 79 L.Ed. 238. The motion was denied by this court on October 28, 1952; at the same time a certificate of probable cause was granted. On December 22, 1952, Lavelle was released on parole in accordance with the provisions of the New York Correction Law, § 210 et seq.

The relator may seek a common law writ of error *coram nobis* to challenge the validity of his conviction in the federal court. United States v. Morgan, 2 Cir., 202 F.2d 67, petition for certiorari granted 345 U.S. 974, 73 S.Ct. 1122, 66 Harv.L.Rev. 1137, and we think that he should be relegated to that remedy. In a proceeding for a writ of error *coram nobis* the United States would be represented by the United States Attorney, a more appropriate counsel than the State Attorney General, who represents the respondent warden here. Moreover, that proceeding would be held before the sentencing court in the district where the records and government officials involved are located. See United States v. Morgan, 2 Cir., 202 F.2d 67, 68. In United States ex rel. Turpin v. Snyder, 2 Cir., 183 F.2d 742, relied on by the relator, a writ of habeas corpus was the only way in which the alleged illegality of the first conviction could be challenged. On Lavelle's prior appeal the question of the availability of a common law writ of error *coram nobis* was not raised. United States v. Lavelle, 2 Cir., 194 F.2d 202; cf. United States v. Bradford, 2 Cir., 194 F.2d 197, 201, certiorari denied 343 U.S. 979, 72 S.Ct. 1079, 96 L.Ed. 1371.

Accordingly, the appeal is dismissed.