**UNITED STATES ex rel. FARNSWORTH**

v.

**MURPHY, Warden.**

United States Court of Appeals Second Circuit.

Argued Oct. 13, 1953.

Decided Nov. 13, 1953.

## 886

James Farnsworth, per se, on written papers.

Vincent A. Marsicano, New York City, for the appellee.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This is a motion by the relator, Farnsworth, for leave to proceed in *forma pauperis*, and for the appointment of an attorney, upon an appeal from an order of Judge Brennan, denying his petition for a writ of habeas corpus, but granting a certificate of probable cause. The facts set out in the petition were as follows. Farnsworth is imprisoned in a

New York State Prison at Auburn, upon a conviction in a New York court, entered on the 16th of December 1946, for attempted burglary in the third degree, the maximum sentence for which under the law of New York is five years,[1] when it is a first offence. As a fourth offender, Farnsworth was sentenced to a term of from fifteen years to life;[2] two of the four convictions on which this sentence rested, having been entered on May 3, 1935 in the District Court for the District of Columbia, upon pleas of guilty. The petition alleged that these two judgments were invalid because Farnsworth was not represented by counsel, was unaware of the meaning of the indictment or of his rights, and had been "held incommunicado by the Washington Metropolitan Police for a period of about two days and two nights, during which he was subjected to third degree methods by said police and coerced into making certain oral involuntary admissions of guilt." It further alleged that he was not guilty of the crimes for which he was then indicted, but at most for no more than receiving stolen property "or some other kindred crime." The present writ is the fifth or sixth for which he has petitioned, and all have been denied—the last in February 1953, because at that time there was pending an appeal, since denied, to the New York Court of Appeals from the denial of a writ by the state courts. In 1951 Farnsworth moved under § 2255 of Title 28, U.S.C. for a writ of habeas corpus and for a writ, *coram nobis*, in the District Court for the District of Columbia to vacate the judgments of conviction of 1935 on the same grounds that he now invokes. The District Court denied the motion for habeas corpus under § 2255 because it had no jurisdiction, Farnsworth not being in custody under sentence of a United States court; and it denied the application for a writ, *coram nobis*, for three reasons: (1) because there had been no showing that a retrial would result differ-

1. New York Penal Law, McK.Consol. Laws, c. 40, §§ 261 and 407.

2. New York Penal Law, § 1942.

ently; (2) because of the delay; and (3) because Farnsworth "had had full opportunity at the time of his sentencing in New York to contest the validity of his prior conviction." The Court of Appeals affirmed this order for identical reasons.[3]

Farnsworth relies upon our decision in United States ex rel. Turpin v. Snyder, 2 Cir., 183 F.2d 742, where the facts were as follows. Turpin had been sentenced by a New York court as a second offender; his first sentence having been in a Wisconsin court, to which he had applied for a writ, *coram nobis*, to cancel the conviction because he had not been advised of his right to counsel. The Supreme Court of Wisconsin, State v. Turpin, 255 Wis. 358, 38 N.W.2d 358, held that habeas corpus was the only relief open, and that, as he was still in custody in New York, he could not sue out that writ in Wisconsin. The Court of Appeals of New York in People v. McCullough, 300 N.Y. 107, 89 N.E.2d 335, had held that a convict could not review in a New York court an earlier judgment of conviction in the court of another state, even though the New York court had counted the judgment as making him a multiple offender under the New York law. Thus it resulted that Turpin had no relief except by petition to the federal district court of the district where he was in custody; and for that reason we held that he might use the writ of habeas corpus to challenge the validity of the Wisconsin conviction. Later, in United States ex rel. Morgan v. Martin, 2 Cir., 202 F.2d 67, Morgan had been convicted in a New York court and sentenced as a second offender, because of an earlier sentence of the United States District Court for the Northern District of New York. He petitioned that court for a writ, *coram nobis*, because he was not given counsel, and the only question was whether § 2255 of Title 28, U.S.C. precluded that writ, when the petitioner was not in custody under the judgment sought to be reviewed. We held that the writ should go, in spite of our decisions in United States v. Bradley, 194 F.2d 197, and United States v. Lavelle, 194 F.2d 202. It is to be observed that that writ was granted to review a conviction of the court in which the petition was filed, unlike the case at bar in which Farnsworth is asking the District Court for the Northern District of New York to review convictions of the District Court for the District of Columbia.

Both courts of the District of Columbia decided Farnsworth's petition for a writ, *coram nobis*, on the merits. The first two of the three grounds they gave are too plainly such to admit discussion. As to the third it is true that the courts of the District appear not to have been informed of the decision of the New York Court of Appeals in People v. McCullough, supra, 300 N.Y. 107, 89 N.E.2d 335, which made it impossible to review by *coram nobis* in a New York court the sentence of a court of another state. However, that was only one of the grounds on which we granted relief in United States ex rel. Turpin v. Snyder, supra, 183 F.2d 742; we should not have granted it, had it not in addition appeared that the Wisconsin courts had denied all jurisdiction over a sentence by any available means. In the case at bar it would be hard to say that the courts of the District were not mistaken in supposing that Farnsworth had not exhausted all remedies open to him. Moreover, it is often a question of much verbal nicety to say what conditions upon a court's action are to be deemed jurisdictional, and what are to be deemed only a part of a claim that is within its powers. Here, however, we are relieved of any such embarrassment by the presence of the first two grounds; for they are altogether inconsistent with any belief by the courts of the District that they had no power to act upon the petition.

Motion denied; appeal dismissed.

3. Farnsworth v. United States, 91 U.S. App.D.C. 121, 198 F.2d 600.