THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN O'NEILL, Appellant.— Appeal (1) from so much of an order of the County Court, Kings County, entered April 4, 1957 granting appellant's application for an order in the nature of a writ of error *coram nobis* vacating a judgment of said court rendered November 4, 1954 convicting appellant, on his plea of guilty, of robbery in the first degree and sentencing him as a second felony offender to serve from 25 to 40 years, as denied appellant's motion to withdraw his plea of guilty, (2) from a judgment of said court rendered April 4, 1957 resentencing appellant to serve from 59 to 60 years, and (3) from a judgment of said court rendered June 27, 1957 vacating the judgment of resentence rendered April 4, 1957 and resentencing appellant to serve from 25 to 40 years. Order entered April 4, 1957 modified so as to provide that appellant be permitted to withdraw his plea of guilty. As so modified, order insofar as appealed from affirmed, and matter remitted to the County Court for further proceedings not

inconsistent herewith. Judgment rendered June 27, 1957 vacated. Four separate indictments were presented against appellant. Appellant pleaded not guilty to all the indictments. On September 20, 1954 appellant withdrew his plea of not guilty and pleaded guilty to one indictment to cover all crimes alleged in the four indictments. Before appellant changed his plea, the court stated: " To make it clearer, if you plead guilty now, O'Neil, to this particular indictment, 1105 of 1954, it is with the understanding that such a plea of guilty to the indictment is to cover the other three indictments that are now on the calendar today, *and any other charges or complaints that may hereafter be made against you* in this county, with the exception of murder or homicide." (Emphasis supplied.) The Assistant District Attorney stated: " I understand the plea is taken under indictment 1105 and is to cover all known crimes in Kings County excepting homicide. *We are not interested in crimes committed in any other county and any other state* because we have no jurisdiction there." (Emphasis supplied.) Appellant contends, and respondent does not deny, that the Assistant District Attorney was then aware of the fact that appellant had been previously convicted of a felony in North Carolina. On November 4, 1954 an information pursuant to sections 1941 and 1943 of the Penal Law was filed, reciting the prior North Carolina conviction. Upon arraignment on the information, appellant was sentenced to serve from 25 to 40 years. Appellant then made a series of motions, upon various grounds, all of which motions were denied. From two of the orders denying appellant's motions, appeals were taken to this court. Each of these appeals was dismissed for failure to prosecute, after this court had denied leave to appeal as a poor person. On January 4, 1957 appellant commenced the proceeding which resulted in the order appealed from. This proceeding was based, *inter alia,* upon a violation of section 480 of the Code of Criminal Procedure in that, at the time of sentence, appellant was not asked whether he had anything to say why judgment should not be pronounced against him. It appearing that the clerk's minutes contained no entry showing that section 480 had been complied with, respondent consented to a resentence. Upon arraignment for resentence, appellant applied to withdraw his plea of guilty upon the ground that he had been misled, when he pleaded guilty, by statements, by the court and by the Assistant District Attorney, to the effect that his plea of guilty would cover all charges against him, and that these statements, quoted above, had caused him to believe that he would be sentenced as a first felony offender. Appellant's application to withdraw his plea of guilty was denied, and he was resentenced. The latter sentence was vacated, and appellant was again rearraigned, on June 27, 1957, when he again applied for leave to withdraw his plea of guilty. The application was again denied, and appellant was again resentenced by the judgment appealed from. We find that the plea of guilty was improvident and was based upon misunderstanding and misrepresentation. It is immaterial that the authorities obviously intended no misrepresentation. For more than 20 months prior to the entry of the judgment appealed from appellant had protested his innocence, having submitted alibi affidavits. Under these circumstances, appellant should have been permitted to withdraw his plea of guilty (*People* v. *Farina,* 2 A D 2d 776, affd. 2 N Y 2d 454; *People* v. *Chichester,* 262 App. Div. 567; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19). When appellant was rearraigned in order to comply with section 480 of the Code of Criminal Procedure, he was entitled to be returned to the status he possessed prior to original sentence (*People* v. *Sullivan,* 3 N Y 2d 196) and was within his rights in applying to withdraw his plea of guilty. The previous orders of this court, determining appellant's motions for leave to appeal as a poor person from previous orders of the court

below, are not *res judicata* on this appeal (*Matter of Bojinoff* v. *People*, 299 N. Y. 145; *People ex rel. Sedlak* v. *Foster*, 299 N. Y. 291; *People* v. *Sullivan*, 276 App. Div. 1087). Appeal from judgment rendered April 4, 1957 dismissed. This judgment was vacated by the judgment rendered June 27, 1957. Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., concurs in the dismissal of the appeal from the judgment rendered April 4, 1957 but dissents from the modification of the order entered April 4, 1957 and from the vacatur of the judgment rendered June 27, 1957 and votes to affirm said order without modification and to affirm said judgment.