THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SYLVESTER HOWARD, Appellant.—

Memorandum: Upon the allegations of the petition a hearing should have been granted. (*People* v. *Di Biasi*, 7 N Y 2d 544.) " Since the finding of the indictment presumably imports that the People have legally sufficient evidence of the defendant's guilt of the crime charged (Code Crim. Pro., § 251), the necessities of appropriate police investigation ' to solve a crime, or even to absolve a suspect' cannot be urged as justification for any subsequent questioning of the defendant. (See *Spano* v. *New York*, 360 U. S. 315, 323, *supra*.) " (*People* v. *Waterman*, 9 N Y 2d 561, 565.) The holding of these decisions, as stated in the *Waterman* case (*supra*, p. 564) was that " Such questioning * * * impinged upon the defendant's twofold rights to the assistance of counsel and to freedom from testimonial compulsion." It has been " consistently recognized that *coram nobis* will lie as a remedy for a prisoner, such as relator, who claims to have been unconstitutionally deprived of his right to counsel." (*People ex rel. Sedlak*

864

v. *Foster*, 299 N. Y. 291, 294.) This court has held that the remedy of *coram nobis* is available where the prisoner was questioned by the police following his arraignment on an information and without the presence of his counsel. (*People* v. *Stevenson*, 13 A D 2d 717.) Moreover, the County Judge, in denying the application, erroneously undertook an examination of the statement so made by defendant and considered the use made thereof at the trial. Neither the statement nor the abbreviated transcript of trial proceedings was made a part of the record directly or by reference in the answering affidavit of the Assistant District Attorney. It is reasonably clear that neither was available to the appellant. Indeed, his assigned counsel in his brief on this appeal states that no complete transcript of the 1955 trial has even been made although appellant applied therefor some years ago. Assigned counsel further states that the portion of the transcript of the trial proceedings used by the court below was transcribed for the District Attorney. The latter transcript is not even before this court although upon our request a copy of the alleged statement of defendant was handed to this court by the prosecutor upon oral argument. All of this emphasizes the necessity for a hearing. The County Court should not have fortified its decision to deny the application without a hearing by the use of documentary evidence that was not part of the record before it and was neither available to nor furnished to appellant who was in prison and then acting as his own counsel. (Appeal from order of Monroe County Court denying defendant's application for writ of error *coram nobis*.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.