William O. Hecht, Jr., J.
Application for a writ of habeas corpus on the ground that relator’s imprisonment is illegal in that he “ has not been given a trial at the next term of court, *565 nor has he been given a speedy trial, nor has he been assigned counsel as required by law
The record shows that on November 5, 1961, relator was arrested and charged with felonious assault as a result of a knifing incident in the Greenwich Hotel, New York City. On November 22, 1961, after three appearances in Felony Court where he was held on a short affidavit, relator was arraigned on a long affidavit, signed by the complaining witness, one Samuel McKhight. On December 1, 1961, the New York County Grand Jury indicted relator on six felony counts, including attempted robbery, assault and attempted grand larceny. On December 8, 1961, relator was arraigned on the indictment and pleaded not guilty. Since that date, without objection, the case has been adjourned several times in Part IX of the Court of General Sessions.
Contrary to relator’s counsel’s argument to this court, the records indicate that relator was represented by the Legal Aid Society. There is nothing in the record which warrants the conclusion that such counsel did not fully and fairly protect relator’s rights and interests at his various appearances in court. Similarly, the mere fact that the court designated counsel who was assigned to replace the Legal Aid Society subsequently had to withdraw from the case in no way adversely affected relator and cannot be deemed, as he urges, to have denied him due process or equal protection under the law.
Relator’s argument that the District Attorney’s control of the court calendar in New York County deprives him of his constitutional rights is without merit. Although there are no “ terms ” of the court in the Court of General Sessions, cases are moved to trial as rapidly as calendar conditions permit. Albeit there are, perhaps, other methods in use or which can be employed to assign pending cases in the criminal courts, nevertheless there is no reason to conclude that the District Attorney has in any manner abused or misused the power of assignment of cases which he necessarily exercises in New York County. This method of setting cases for trial does not deprive relator or others similarly situated of their right to due process of law or equal protection, as guaranteed by our Constitution.
In any event, habeas corpus is not the proper remedy for testing the requirements of due process or whether relator was properly represented by assigned counsel (People ex rel. Sedlak v. Foster, 299 N. Y. 291, 293-294; Matter of Morhous v. New York Supreme Ct., 293 N. Y. 131, 137-138; People ex rel. Brown v. Johnston, 11 A D 2d 819, 820; People ex rel. Branton v. Jackson, 6 A D 2d 916).
*566 It should be noted that relator’s motion to dismiss the indictment on grounds similar to those advanced on this application were denied on April 9, 1962 in the Court of General Sessions.
Giving due consideration to all of the foregoing, I hold that the writ should be dismissed and the stay pending this determination vacated.