■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANKLIN ROCCO MARINO, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered October 14, 1968, convicting him of assault in the second degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and in the interests of justice, and new trial ordered. The findings of fact below have not been considered. In our opinion, under the circumstances of this case, the improper comments by the prosecutor during summation were of such a prejudicial nature as to warrant a new trial (People v. Jackson, 7 N Y 2d 142; People v. Lovello, 1 N Y 2d 436, 439; People v. Smith, 26 A D 2d 588). Beldock, P. J., Christ, Brennan, Rabin and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLYDE WASHINGTON, Appellant.— Appeal by defendant from two orders of the Supreme Court, Kings County, the first dated January 8, 1968, which denied, without a hearing, his application in the nature of a writ of error coram nobis to vacate a judgment rendered January 21, 1966, and the second dated May 21, 1968, which denied his motion for resentence. Order of January 8, 1968 affirmed and appeal from order of May 21, 1968 dismissed. Upon the appeal from the first order it is our opinion that defendant's claims with respect to the pretrial and trial proceedings, as well as his objections to the sentence, even if justified, were all available on his appeal from the judgment of conviction and are not properly the subject of coram nobis relief (People v. Brown, 13 N Y 2d 201; People v. Howard, 12 N Y 2d 65; People v. Shapiro, 3 N Y 2d 203; People v. Sullivan, 3 N Y 2d 196; People v. De Fazio, 16 A D 2d 817). The sole claim properly before us on this appeal is the question of the adequacy of defendant's assigned counsel (People v. Silverman, 3 N Y 2d 200; People ex rel. Sedlak v. Foster, 299 N. Y. 291). However, we find no merit as to that in this case (cf. People v. Tomaselli, 7 N Y 2d 350; People v. Brown, 7 N Y 2d 359). As to the second order, an order denying a motion for resentence is not ordinarily appealable (People v. Travers, 24 A D 2d 501; People v. Machado, 23 A D 2d 690, affd. 17 N Y 2d 440, cert. den. 383 U. S. 921). Even were we to treat the motion in this case as being in the nature of coram nobis (see People v. Kearse, 28 A D 2d 910), the objections urged would not be available in view of defendant's previous failure to pursue them upon appeal. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES WOODRUFF, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 22, 1967, convicting him of robbery in the first degree, grand larceny in the first degree and assault in the second degree, upon a jury verdict, and sentencing him to an indefinite term in Elmira Reformatory. Judgment reversed, on the law, and new trial ordered. The findings of fact below have not been considered. The cumulation of error with respect to the prosecutor's interrogation of police officer Boyce and his remark made in the opening to the jury, both of which erroneously referred to the complaining witness' pretrial identification of appellant, served to deprive appellant of a fair trial. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.