THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BASIL McCULLOUGH, Appellant.

Submitted October 20, 1949; decided December 2, 1949.

*Basil McCullough,* appellant in person. I. Defendant's conviction in 1921, in a United States District Court of Ohio, can-

not be used because it was prior to the New York State Baumes Law which went into effect in July, 1926. Appellant was not advised of his rights and was not represented by counsel in that case. The case was based upon a certificate of deposit in the Postal Savings System of the United States of America, which certificate had printed upon the back " non-transferable and non-negotiable ". II. Defendant's conviction in 1928 in Lucas County Court, Toledo, Ohio, should not be used because appellant was never arraigned for a preliminary hearing, neither was he represented by counsel during the entire proceedings.

*Julian B. Erway, District Attorney,* for respondent. I. The crimes for which appellant was previously convicted are such as would be felonies if committed within the State of New York. II. The prior convictions are not subject to collateral attack and are conclusive. (*People ex rel. Prisament* v. *Brophy,* 287 N. Y. 132; *People* v. *Dacey,* 166 Misc. 827; *People* v. *Voelker,* 222 App. Div. 717.) III. The order of the Albany County Court should be affirmed.

FULD, J. In this *coram nobis* proceeding, defendant attacks the sentence imposed upon him pursuant to section 1941 of the Penal Law, upon the ground that he is not a second felony offender.

Following a conviction for burglary in the County Court of Albany County in 1938, defendant was punished as a fourth felony offender — the basis therefor being three convictions of crimes committed in other jurisdictions. In 1942, he succeeded in establishing that one of the prior crimes would not have been a felony in this State and, accordingly, he was resentenced as a third offender. (See Penal Law, § 1941.)

Some time later, the present application was made. Defendant now claims that neither of the two remaining convictions — one in a County Court in Ohio and the other in a Federal District Court in that State — can be counted against him and that, for that reason, he is entitled to be resentenced as a first offender. His argument is two-pronged: neither of the crimes would have been a felony in this State, but, even if they could be so considered, the convictions were void because of the manner in which the trials were conducted. The case comes to us following the Appellate Division's unanimous affirmance of the County Court's denial of the application.

While the " crime " of which defendant was convicted in the Ohio State court — the " crime " of stealing property or money having a value of " thirty-five dollars or more " (Ohio Crim. Code; Page's Ohio Gen. Code, § 12447) — would not have been a felony if committed in New York (see *People* v. *Olah*, 300 N. Y. 96, also decided today), the conviction of forgery (U. S. Crim. Code, § 218; U. S. Code, tit. 18, § 347; now § 500), recorded against him in the Federal District Court would unquestionably have been a felony in this State. (Penal Law, § 884, subds. 3, 4; see, e.g., *People* v. *Fury*, 279 N. Y. 433, 436.) Consequently, defendant was properly treated as a second felony offender on the basis of the Federal conviction, unless the courts of this State may set that conviction aside as illegal and disregard it. Defendant would have us consider the Federal judgment void because the court failed to advise him of his right to counsel.

A motion in the nature of a writ of error *coram nobis* is the proper remedy in this State to set aside a judgment obtained in violation of such a constitutional right. (See *People ex rel. Sedlak* v. *Foster*, 299 N. Y. 291, 294; *Matter of Bojinoff* v. *People*, 299 N. Y. 145, 152; *Matter of Hogan* v. *Court of General Sessions*, 296 N. Y. 1, 9.) That does not, however, mean that it may be availed of in a court other than the one in which the judgment was rendered. On the contrary, as its ancient common-law title — *quae coram nobis resident* (3 Blackstone's Commentaries [Chitty ed.], p. 407, n. 3) — plainly signifies, its function was and is simply to call certain matters to the attention of the court in which the case was tried. (See *People* v. *Gersewitz*, 294 N. Y. 163, 168; *Matter of Morhous* v. *New York Supreme Court*, 293 N. Y. 131, 140; see, also, Fitzherbert, *Natura Brevium* [1553], fols. 20 D. *et seq.;* fol. 21 I; 1 Rolle's Abridgement [1668], pp. 746–747; Tidd's Practice [4th ed., 1808], p. 1032.) It follows, therefore, that a defendant may not in this State challenge the validity of a judgment of a court of another jurisdiction by *coram nobis*. (See *People* v. *Comparetto*, 299 N. Y. 648.)

Moreover, since defendant does not here assert that the Federal court lacked jurisdiction of his person or of the offense charged against him, he may not in this State question its judgment by writ of habeas corpus (see *People ex rel. Sedlak* v. *Foster*, 299 N. Y. 291, 293, *supra; People ex rel. Harrison* v.

*Jackson,* 298 N. Y. 219, 224, also concurring opinion, pp. 226–227; *Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 13, *supra*) — at least where, as here, there is no showing that defendant may not seek redress for the alleged violation of constitutional right in the court wherein the judgment was rendered. (Cf. *Mooney* v. *Holohan,* 294 U. S. 103, 113; *New York ex rel. Whitman* v. *Wilson,* 318 U. S. 688.) If then defendant would attack the Federal judgment, he must do so in the Federal court. Until he has succeeded in vacating it, the courts of this State have no alternative but to treat the conviction as an effective predicate for multiple offender punishment under section 1941 or section 1942 of the Penal Law. (Cf. *People ex rel. Harrison* v. *Jackson,* 298 N. Y. 219, 227–228, *supra.*)

In short, then, since the Federal crime of forgery would have been a felony in this State, and since that conviction may not be challenged except in the Federal courts, defendant was properly sentenced in the Albany County Court as a prior felony offender under section 1941 of the Penal Law.

The order should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and BROMLEY, JJ., concur.

Order affirmed.