THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. LAWRENCE
ZUCCARO, Defendant.

Court of General Sessions of County of New York, May 11, 1951.

*Harry G. Anderson* for defendant.

*Frank S. Hogan, District Attorney (Chester E. Kleinberg* of counsel), for plaintiff.

STEVENS, J. This defendant moves by writ of error (*coram nobis*) to set aside a sentence imposed by this court on April 16, 1942, whereby, after a plea of guilty by this defendant to robbery in the second degree, said defendant was sentenced as a second offender to a term of imprisonment of not less than fifteen years nor more than thirty years. Defendant also seeks the further relief of an order directing his production in this court, and that he be resentenced as a first offender.

The grounds for the relief sought, in brief, are (1) that a prior conviction in New Jersey in 1939, does not constitute a legal basis for the sentencing on April 16, 1942, of this defendant as a second offender; (2) that he was not represented by counsel on March 13, 1939, in New Jersey when he pleaded guilty, nor on April 20, 1939, when he was sentenced upon conviction No. 43920; and (3) that a New Jersey statute permitting an accused to waive indictment and to waive trial before a petit jury was a violation of defendant's constitutional rights.

In view of the decision we have reached in this matter, we deem it unnecessary to discuss grounds (2) and (3) at length. Here the fact of the conviction was the basis used for the classification of this defendant as a second offender. Nothing appears, save the bare assertion by the defendant, that he was deprived of the right to counsel in the New Jersey proceedings. It is not contended that the court did not have jurisdiction of the person of the defendant and of the offense charged, nor that he was not given notice and an opportunity to be heard. The presumption of regularity attaching to the proceeding of our sister State as well as the provision that full faith and credit

shall be given in each State to the judicial proceedings of every other State (U. S. Const., art. IV, § 1), entitles us, we think, to act upon the conviction, subject only to such limitations as might be imposed by virtue of our legislative enactments or judicial interpretations. (See *People* v. *McCullough,* 300 N. Y. 107, 110.)

We also have a duty to give full force and effect to the New Jersey Constitution as well as its public acts such as a statute, when the validity of such statute is sought to be attacked and not its interpretation or construction.

The determinative forum to challenge the above would not seem to be the forum of a sister sovereign State. (*People* v. *McCullough, supra.*)

Ground (1) however presents a more serious challenge. The New Jersey statutes under which the defendant was convicted of stealing and receiving an automobile provides, in substance, that " Any person who shall steal or take unlawfully any motor vehicle," and " Any person who shall receive or purchase a motor vehicle knowing the same to have been stolen," etc. " shall be guilty of a high misdemeanor ". (N. J. Stat. Ann. §§ 2:145-6, 2:164-3.)

The statute does not require value as an element of the crime. While it is true that a value was indicated in the information to which the defendant pleaded, such allegation was at best mere surplusage, and of no consequence. As pointed out by Judge Fuld in *People* v. *Olah* (300 N. Y. 96, 98, 99): " It is the statute upon which the indictment was drawn that necessarily defines and measures the crime " and " the operative facts which constitute the criminal offense as defined by the statute, cannot be extended or enlarged by allegations in the indictment or by evidence at the trial."

Section 1941 of our Penal Law provides that a defendant convicted of a felony, in New York, is to be punished as a second felony offender if he was previously " convicted * * * under the laws of any other state * * * of a crime which, if committed within this state, would be a felony ".

Under our statutes the property stolen, if not taken from the person, in order to constitute a felony must exceed in value $500, or $100 (Penal Law, §§ 1294, 1296); or if bought or received, the other elements being present, the value must exceed $100 (Penal Law, § 1308). And even under section 1293-a, the so-called joy-ride statute, while the stealing is termed larceny, the classification as misdemeanor or felony

necessitates resort to the sections cited. Value is an essential element in determining the grade of the offense. No such requisite is contained in the New Jersey statute, and in the absence of value or amount, the taking being established, we are not warranted in reading into the statute that which is not there in order to lift the offense beyond the grade of a misdemeanor. The plea of the defendant there was a plea to the statute or the " operative " and " material facts," not to possible immaterial allegations.

We are of the opinion that the conviction in New Jersey is not such as would warrant the application of section 1941 of our Penal Law. Accordingly, the motion is granted, the defendant will be brought back for resentencing and the clerk is directed to enter an order to that effect.