The **PEOPLE OF THE STATE OF NEW YORK** ex rel. Anfield **BOWERS**, Petitioner,

v.

Edward M. **FAY**, Warden of Green Haven State Prison, Stormville, New York, Respondent.

United States District Court
S. D. New York.

Dec. 26, 1957.

Joseph D. Tekulsky and Frederick B. Boyden, New York City, for petitioner.

Louis J. Lefkowitz, Atty. Gen., of New York, Harold Borgwald, Mt. Vernon, N. Y., of counsel, for respondent.

WEINFELD, District Judge.

Petitioner, now confined at Green Haven Prison, New York State, to a fifteen year to life imprisonment term, pursuant to a judgment of conviction entered in the Kings County Court, State of New York, applies for a writ of habeas corpus.

He was sentenced, when twenty-three years of age, as a fourth offender under New York State's Multiple Offender Law, based upon four prior felony convictions which had been entered in the State of Pennsylvania on his pleas of guilty.

The petitioner attacks two of the Pennsylvania convictions as void upon the ground they violated his constitutional rights in that he was not informed of his right to counsel and was deprived of adequate representation. The first conviction was based upon a charge of receiving a stolen overcoat valued at $22.-50. According to the petition, when he pleaded guilty he was sixteen years of age, had only a fifth grade education, was without counsel, and none had been assigned to represent him. At the time of the second conviction he was twenty years of age. The charge to which he then pleaded guilty, again without counsel, was enticing a female under sixteen years of age for the purpose of sexual intercourse.

The charge, under which he is now confined and to which he also pleaded guilty, was attempted burglary in the third degree, and as already noted, in view of his prior convictions in Pennsylvania, he was sentenced as a multiple offender.

Petitioner applied for a writ of coram nobis in the Kings County Court attacking the sentence upon the claim that the prior convictions were void for denial of his constitutional rights. That application, as well as one for re-sentencing, was denied, apparently on the ground urged by the prosecution that petitioner first had to apply in the State of Pennsylvania to vacate the convictions.

He then moved in the Philadelphia County Court, where he had been sentenced upon the prior convictions, for a writ of coram nobis, which was denied. On appeal the denial was upheld by the Pennsylvania appellate courts, including its court of last resort. A petition for certiorari to the Supreme Court was also denied. Bowers v. People of State of Pennsylvania, 353 U.S. 967, 77 S.Ct. 1051, 1 L.Ed.2d 916.

The petitioner then applied for a writ of habeas corpus in this court, which Judge Palmieri denied for insufficiency of the moving papers. Then followed the present petition which contains evidential matter not included in the last mentioned application.

Upon all the facts presented there can be no doubt that with respect to the two Pennsylvania judgments of conviction now under attack the petitioner has exhausted all remedies available to him in that state. The only issue open is whether, as required by § 2254 of Title 28, he has exhausted the remedies available to him in New York State to challenge the prior Pennsylvania judgments upon which New York bottomed his present sentence as a fourth offender. While the issue has not always been free from doubt[1] recent rulings in the New York State Court of Appeals and our Court of Appeals indicate that New York State affords no means to petitioner to attack the Pennsylvania convictions thereby enabling the State of New York, if in fact they did infringe upon petitioner's constitutional rights, to correct the sentence imposed upon him.

---

1. Gayes v. State of New York, 332 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962. See discussion of the foregoing case in Haywood v. United States, D.C.S.D.N.Y., 127 F.Supp. 485, 489, note 16 "The view advanced by Mr. Justice Frankfurter did not have the support of a majority of the Court. Four justices dissented. Mr. Justice Burton, whose concurrence produced the judgment upholding the State Court's ruling, simply concurred in the result. The minority sharply questioned Mr. Justice Frankfurter's interpretation of New York State's procedure that petitioner was free to raise the infirmity of the prior conviction at the time of the second sentence and in that forum; it contended that this was contrary to established procedure. (Dissenting opinion of Mr. Justice Rutledge.) The minority's contention that the correct procedure under New York law was for petitioner to 'first overturn his first conviction in the court where it was obtained, before he can attack the second sentence founded in part upon that conviction', 332 U.S. at page 152, 67 S.Ct. at page 1715, appears to find full support in Bojinoff v. People, 299 N.Y. 145, 85 N.E.2d 909, decided by the Court of Appeals subsequent to the ruling in the Gayes case."

In People v. McCullough, 300 N.Y. 107, 89 N.E.2d 335, 337, a prisoner who had been sentenced as a multiple felony offender in applying for a writ of coram nobis attacked a prior conviction in the federal courts on the ground that it was void because the court had failed to advise him of his right to counsel. Judge Fuld, writing for an unanimous Court, acknowledged that coram nobis is an available and proper remedy to set aside a judgment of conviction entered in New York State in violation of one's constitutional rights but that the writ may not be "availed of in a court other than the one in which the judgment was rendered. * * * It follows, therefore, that a defendant may not in this State challenge the validity of a judgment of a court of another jurisdiction by coram nobis".

Judge Fuld further pointed out that since no issue had been raised that the Federal Court lacked jurisdiction of the defendant's person or of the offense charged "he may not in this State question its judgment by writ of habeas corpus".

Any doubt that may have remained on this vexing subject was finally laid to rest by the recent ruling of our own Court of Appeals, United States ex rel. Savini v. Jackson, 2 Cir., 1957, 250 F.2d 349. That case involved the validity of a prior conviction in the State of Michigan as a result of which the petitioner had been sentenced under New York's Multiple Offender Law, Penal Law, § 1941. New York State relying upon Gayes v. State of New York, 332 U.S. 145, 67 S.Ct. 1711 sought to defeat petitioner's application for a writ of habeas corpus upon the ground that at the time of sentence in New York State, as a second offender, he then had an opportunity to challenge the Michigan conviction and that his failure to do so barred him from applying for relief in the Federal Courts. In short, that he had an available remedy under New York law and procedure but had waived it. The contention was overruled by the District Court, the writ of habeas corpus was granted and petitioner was ordered before the State Court for re-sentence. Our Court of Appeals in affirming the District Court order held that the Gayes case was no bar to relief. It stated, "People v. McCullough, 300 N.Y. 107, 89 N.E.2d 335, decided after Gayes v. State of New York, supra, is to the contrary. And believing that Gayes is no longer applicable we previously held that under New York law the New York courts will not entertain an attack on a judgment of conviction entered in another state. United States ex rel. Smith v. Jackson, 2 Cir., 234 F.2d 742; United States ex rel. Turpin v. Snyder, 2 Cir., 183 F.2d 742; United States v. Morgan, 2 Cir., 202 F.2d 67, affirmed 346 U.S. 502, [503], 74 S.Ct. 247, 98 L.Ed. 248. We adhere to that holding".

Since it appears that neither a writ in the nature of coram nobis nor a writ of habeas corpus is available to petitioner in the State of New York and the Attorney General of the State of New York has suggested no procedure presently available to the petitioner whereby he can attack the validity of the Pennsylvania judgments of conviction, which he contends invaded his constitutional rights and deprived him of due process of law, his petition is properly before this Court.

Accordingly, the matter is set down for hearing and a writ ad testificandum may issue for petitioner's appearance at the hearing, the date of which will be fixed on the settlement of an order to be entered hereon.

Settle order on notice.