See also 210 F.Supp. 277.

**UNITED STATES ex rel. Salvatore PENNISE, Petitioner,**

**v.**

**Edward M. FAY, Warden of Greenhaven State Prison, Stormville, New York, and the People of the State of New York, Respondents.**

United States District Court
S. D. New York.

Aug. 3, 1962.

Maurice Edelbaum, New York City, for relator.

Louis J. Lefkowitz, Atty. Gen. of New York, for respondents, Gretchen W. Oberman, Asst. Atty. Gen., of counsel.

CASHIN, District Judge.

The petitioner, Salvatore Pennise, filed a petition for a writ of habeas corpus pursuant to Title 28 U.S.C. § 2242. An order to show cause why the writ should not issue was directed to the respondents.

Petitioner is an inmate of Greenhaven State Prison, Stormville, New York, serving a sentence of 20 to 40 years upon his conviction in 1952 in the County Court of Kings County, State of New York, of the crime of manslaughter in the first degree. Pursuant to the Multiple Offender Law of New York, New York Penal Code, McKinney's Consol.Law, c. 40, § 1941, he was sentenced as a second felony offender. This was predicated upon his conviction in Idaho in 1941 of the crime of sodomy. Eight months subsequent to the petitioner's conviction in Idaho, he was granted an executive pardon by the Governor of that State.

On January 31, 1961 a writ of error *coram nobis* was denied by order of Hon. John R. Starkey, Judge of the County Court of Kings County. On April 13, 1961 a second writ of error *coram nobis* was denied by order of Hon. Dominic Rinaldi.

Petitioner alleges in his application to this court that his detention is illegal in that his prior conviction was allegedly obtained without his being advised of his right to counsel and in ignorance of that right.

Section 2254 of Title 28 U.S.C. provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

In Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944), the Supreme Court explained the "exhaustion of remedies" doctrine to mean that usually a petition for habeas corpus by one detained under a state court criminal conviction "will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted." 321 U.S. at 117, 64 S.Ct. at 450. This is, however, not an unbending principle. The court added—

"But where resort to state court remedies has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy, see Mooney v. Holohan, supra, [294 U.S.] 115, [55 S.Ct. 343, 79 L.Ed. 791], or because in the particular case the remedy afforded by state law proves in practice unavailable or seriously inadequate, cf. Moore v. Dempsey, 261 U.S. 86 [43 S.Ct. 265, 67 L.Ed. 543]; Ex parte Davis, 318 U.S. 412, [63 S.Ct. 679, 87 L.Ed. 868], a federal court should entertain his petition for habeas corpus, else he would be remediless." 321 U.S. at 118, 64 S.Ct. at 450.

See also United States ex rel. Noia v. Fay, 300 F.2d 345 (2 Cir. 1962).

I am satisfied that the petitioner's circumstances would come within that rationale. In the petition at hand, the effect of the Idaho pardon upon the Idaho judgment for purposes of habeas corpus makes it very unclear whether Idaho would even grant habeas corpus. But be that as it may, the fact remains that the petitioner is being held in custody pursuant to the 1952 judgment of a *New York* court, not the Idaho conviction. See United States ex rel. LaNear v. LaVallee, 306 F.2d 417 (2 Cir. July 12,

1962). As Judge Friendly of the Second Circuit stated in the LaNear case, in which a prior conviction in Missouri was made the basis of a longer sentence in New York under its multiple-offender statute—

> "Only in form is LaNear's complaint over what Missouri allegedly did; in every practical sense his grievance is over what New York is doing with what Missouri did. Missouri's allegedly unconstitutional action against him had spent its force until New York made it a legal basis for increased sanctions of its own." United States ex rel. LaNear v. La-Vallee, supra.

New York law does not make provision for the testing of a conviction by another jurisdiction used as a basis for New York multiple-offender sentences. People v. McCullough, 300 N.Y. 107, 89 N.E.2d 335 (1949); United States ex rel. Savini v. Jackson, 250 F.2d 349, 351 (2 Cir. 1957). Therefore what was held in LaNear would be equally true with regard to this petitioner:

> "The alleged violation of constitutional right thus being New York's, and New York having provided no method for questioning an out-state conviction used as basis for multiple-offender sentence, a New York prisoner challenging the validity of such a conviction on constitutional grounds may proceed directly in a Federal court." United States ex rel. LaNear v. LaVallee, supra.

I determine it to be advisable to grant a hearing on the writ. The contention by petitioner is to the effect that he was not advised of his right to counsel and he was ignorant of that right. While due process of law does not compel the States to provide for the appointment of counsel in every criminal case, Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), I deem the petitioner here to be entitled to at least a hearing, where I can more fully satisfy myself as to whether the circumstances of his Idaho criminal proceeding without counsel to aid him were such as to render his con-

viction "fundamentally unfair." Cash v. Culver, 358 U.S. 633, 637, 79 S.Ct. 432, 3 L.Ed.2d 557 (1957).

The hearing on the writ shall be held on the 14th day of August, 1962 at 2 o'clock in the afternoon, in Room 1305 of the United States Courthouse, Foley Square, New York, N. Y.

Let the attorney for the petitioner submit a writ.

It is so ordered.