J. Irwin Shapiro, J.
Motion by the defendant ‘1 for an order directing that the defendant be resentenced, nunc pro tunc, as of June 12,1962, and for a hearing on the allegations contained in the annexed affidavit, and upon such hearing, grant to the defendant, riohard sabatino, an order declaring the sentence imposed upon him on June 12,1962, by the then County Court, County of Queens, on a judgment of conviction for Attempted Grand Larceny, Second Degree, as being void and in error, and reducing said sentence to a term which the defendant should have received on that judgment alone, on the ground that the sentence imposed was based upon a prior Federal conviction, as alleged in a Prior Offense Information filed with the sentencing court, the conviction of which was illegal since the defendant’s plea of guilty to the prior offense was made without the assistance of counsel, as guaranteed by the Sixth Amendment of the United States Constitution ’ ’.
The defendant in support of his motion contends that it is now the law that a defendant in a criminal case, as a matter of constitutional right, is entitled to the aid and representation of counsel unless that right is competently and intelligently waived, and that a plea of guilty interposed by a defendant is void if such plea has been entered by him without the assistance of counsel and in circumstances under which the right to counsel has not been understandingly waived.
The constitutional right to counsel which was formerly held to apply, except for capital offenses, only in Federal prosecutions (Betts v. Brady, 316 U. S. 455) is now, by the latest mandate of the United States Supreme Court, held to be applicable to all State court prosecutions as well (Gideon v. Wainwright, 372 U. S. 335).
In reversing its holding in the Betts case (supra) that there was no constitutional right to the assignment of counsel in State prosecutions, the court in Gideon said (pp. 344-345): “ From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and .substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him *172 A defendant’s need for a lawyer is nowhere better stated than in the moving words of Mr. Justice Sutherland in Powell v. Alabama:
“ ‘ The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. ’ 287 U. S., at 68, 69.
“ The court in Betts v. Brady, departed from the sound wisdom upon which the court’s holding in Powell v. Alabama rested. Florida, supported by two other States, has asked that Betts v. Brady be left intact. Twenty-two States, as friends of the Court, argue that Betts was ‘ an anachronism when handed down ’ and that it should now be overruled. We agree.”
The underlying felony in this case being a Federal one, it is clear that even under the pre-Gideon rule the defendant was entitled to be informed of his right to counsel (Johnson v. Zerbst, 304 U. S. 458; Von Moltke v. Gillies, 332 U. S. 708; Walker v. Johnston, 312 U. S. 275). Apparently relying upon that rule of law, the moving affidavit of defendant’s attorney states: “That defendant was sentenced as a second offender under Sections 1941-43 of the Penal Law, on the basis of a Prior Offense Information filed with the County Court of Queens County by Hon. Frank D. 0 ’Connor, District Attorney, accusing the defendant of having been convicted on or about June 11, 1951, by his own confession and plea of guilty to the crime of Possession and Passing Counterfeit Obligations of the United States.
“ That the plea of guilty interposed by the defendant before the United States District Court for the District of New Jersey, on December 18, 1950, was the product of ignorance on the part of the defendant since he was not fully aware of his right to counsel as guaranteed by the Sixth Amendment of the United States Constitution.
*173 ! e That the defendant was not, and is not, guilty of the charge set forth in the indictment of the Federal Grand Jury charging him with Possession and Passing of Counterfeit Obligations and there exists no competent legal evidence of the guilt of the defendant, and hence, no ground for sentencing the defendant as a second offender.”
It is obvious that the affiant can have no personal knowledge as to whether or not the plea of guilty interposed by the defendant in the United States District Court for the District of New Jersey “ was the product of ignorance on the part of the defendant ” nor whether “ the defendant was not, and is not, guilty of the charge set forth in the indictment of the Federal Grand Jury charging him with Possession and Passing of Counterfeit Obligations ” nor of the further allegation contained in the affidavit of the affiant that “ the Assistant United States Attorney who appeared in the proceeding on December 18, 1950, led the defendant to erroneously believe that there was no need to obtain competent legal counsel.”
The papers before me indicate that when the defendant first appeared before the District Court of the United States, the following took place:
“ Newark, N. J., Monday, Dec. 18,1950
“ Before the Honorable Gut L. Fake, U. S. D. J.
‘1 appearances :
‘ ‘ martin n. moronet, Assistant U. S. Attorney for the Government.
# & $
“ mr. moronet: Are you represented by counsel!
“ THE DEPENDANT: No, SH.
“ mr. moronet : Have you received a copy of the indictment!
“ the dependant: Yes, .sir.
“ mr. moronet: And you are familiar with the charge!
“ the dependant: Yes, sir.
“ mr. moronet: Do you desire counsel!
“ THE DEFENDANT: No, sir.
“ mr. moronet: How do you plead!
“ THE DEPENDANT: Guilty.
“ the court: The plea of guilty is entered. Bail continued. Report to the probation office.”
While it is true that the record thus made is very sparse, a further transcript appears which shows that about six months after interposing the plea of guilty, the following took place: *174 1 £ On this 11th day of June, 1951, came the attorney for the government and the defendant appeared in person, and without counsel the court advised the defendant of his right to counsel and asked him whether he desired to have counsel appointed by the court and the defendant thereupon stated that he waived the right to the assistance of counsel.”
It is obvious that the advice given the defendant on June 11, 1951 of his right to counsel and of his right to have counsel assigned to him by the court took place after he had interposed his plea of guilty and at a time when he was about to be sentenced. Whether a waiver of the right to the assignment of counsel at a time subsequent to the entry of a plea of guilty may be related back to the time prior to the imposition of the plea, or may be utilized as evidence of a conscious waiver of the right to counsel, and whether or not the defendant intelligently and competently understood that he had a constitutional right to retain or to be assigned counsel before he plead guilty, and whether he intelligently and competently and consciously waived his right to counsel, are the matters in issue on this motion as is the threshold question of whether this court has the power to pass on the validity of an out-of-State conviction.
People v. McCullough (300 N. Y. 107) laid down the rule that neither habeas corpus nor coram nobis is available to attack an out-of-State conviction which is used as a predicate for a prior felony offense where the foreign court had jurisdiction both of the defendant and the crime with which he was charged.
Realizing the precluding effect of the McCullough decision, defendant seeks neither a writ of habeas corpus nor a writ of error coram nobis, but instead moves for a resentence relying upon the obiter dictum contained in People v. Wilson (18 A D 2d 424) in which Mr. Justice Bkeitel indicated that since, perforce McCullough, neither coram nobis nor habeas corpus lie to discredit a prior out-of-State conviction, constitutional procedure would probably require that some remedy in the nature of a motion to correct the illegal or erroneous sentence be made available to a defendant.
In People v. Hopkins (38 Misc 2d 459) cited by neither side, I had occasion to discuss the question here involved. In that case I said (pp. 461-462): ££ I am aware of the fact that in United States ex rel. La Near v. La Vallee (306 F. 2d 417) the court said that since New York provides no method for questioning the validity of an out-of-State conviction that is used as a basis for a sentence under the New York multiple offender statute, the convict is entitled to a hearing in the Federal court on the *175 validity of the foreign conviction and a determination of whether it is a permissible basis for New York’s confining him longer than it otherwise would. However, as I read the opinion in that case it is limited to those situations in which the out-of-State conviction is ‘ constitutionally void’.” I then said (p. 462): “Thus viewed, the La Near case is not in conflict with. the McCullough case. In the absence of any constitutional infirmity in the Pennsylvania judgment of conviction, upon which the People here rely, the rationale of the McCullough case applies.”
In this case the defendant does contend that there is a constitutional infirmity in the underlying felony conviction, in that he was not represented by counsel and that he did not intelligently waive his right to counsel. If that fact clearly appeared in the record before me I would apply the rationale of the La Near case and grant the defendant’s motion to be resentenced as a first felony offender on the ground that the prior conviction had no viability and therefore could not serve as a predicate for sentencing the defendant as a second felony offender. However, there is here no affidavit by the defendant himself as to exactly what transpired at the time of his plea and sentence and while the record of the proceedings in the United States District Court for the District of New Jersey, omitting the after plea recital of June 11,1951, is very meager, it nevertheless shows that prior to interposing his plea of guilt the defendant was given a copy of the indictment, stated that he was ‘6 familiar with the charge ”, and answered in the negative to the query “ Do you desire counsel? ”. While the information furnished to the defendant as to his constitutional rights in the premises might have been more illuminating and explicit, it is not for this court to say, as a matter of law, that the conviction is void upon the ground that the defendant was insufficiently advised of his constitutional rights to counsel. In People v. Crimi (278 App. Div. 997, affd. without opinion 303 N. Y. 749), the defendant when pleading guilty without counsel to the felony of grand larceny was 16 years of age. The minutes of the County Court at the time of his conviction stated that defendant had no counsel but that he had been informed of his right thereto by the court and had waived such right. Said the Appellate Division, in affirming a denial of defendant’s application for a writ of error coram nobis-. “Petitioner’s proof does not factually dispute the record. It states that he was then sixteen years of age and did not understand that his right to counsel meant the court would assign him counsel without compensation. Appellant’s personal interpretation of the advice he was given by the court *176 is not a good ground to grant the relief sought or to reverse the order denying the relief.”
In the Court of Appeals defendant contended that his waiver of his right to counsel had not been made understandingly, competently or intelligently and that, in any event, he should be accorded .a hearing. His contention in both respects was rejected by the court’s unanimous affirmance of the order of the Appellate Division.
Under the circumstances, the defendant’s motion for resentence is denied without prejudice to an application in the United States District Court for the District of New Jersey for a vacatur of his guilty plea in that court.