Fuld, J.
(concurring). The rule that a defendant may not in this State challenge the validity of a judgment of a court of another jurisdiction by coram nobis has the support of history and authority (see, e.g., People v. McCullough, 300 N. Y. 107, 110), and I would not depart from it. We have, therefore, no alternative except to affirm but, in so doing, it should be noted that this particular defendant (Wilson) will not be without a remedy since he may challenge the constitutional validity of *282 the out-of-state conviction in the Federal courts by way of habeas corpus. (See United States ex rel. La Near v. La Vallee, 306 F. 2d 417.)
However, to deny a defendant a forum in this State and compel him to resort to the Federal courts for the vindication of his constitutional rights, suggestive as it is of a dual standard of justice, is a procedure we should eschew for the future. The McCullough case (300 N. Y. 107, supra) was concerned solely with the availability of coram nobis as a postconviction remedy and, consequently, the decision there does not conclude us — as the district attorney thoughtfully observes — from according a defendant (such as Wilson) a remedy at the time an information is filed charging him, on the basis of an out-of-state conviction, with being a multiple felony offender (Penal Law, § 1943). Accordingly, it is my view that a defendant should at that stage — when an information is filed against him — be permitted to move for the dismissal of the information on the ground that the foreign conviction therein set forth was obtained in violation of his constitutional rights and cannot, by reason thereof, be used as a predicate for multiple offender punishment. The fact that the applicable statute (Penal Law, § 1943) makes no specific provision for such an attack on the information is of no consequence in view of the exigent circumstances presented. (Cf., e.g., Matter of Lyons v. Goldstein, 290 N. Y. 19, 25-26; People v. Glen, 173 N. Y. 395, 399-400.)
Judges Dye, Van Voorhis, Foster and Scileppi concur with Chief Judge Desmond; Judge Fold concurs in a separate opinion in which Judge Burke concurs.
Order affirmed.