J. Irwin Shapiro, J.
This is a motion by the defendant ‘ ‘ for an Order dismissing the Prior Offense Information filed against the defendant herein by the District Attorney”.
The defendant heretofore made a similar motion which was denied by Mr. Justice Joseph M. Conroy, on April 1, 1964.
Although this motion was referred by me to Mr. Justice Conroy, he appropriately re-referred it to me, for it appears *1051 from the moving papers that while the relief now sought is the same as the relief previously sought, there has since been a change in the law.
Apparently cognizant of the legislation then before the Governor, and awaiting signature or veto, Mr. Justice Conroy in his decision on the defendant’s motion said: “ The law as it now exists does not permit the defendant in this State to challenge the validity of the judgment of a court of another jurisdiction (People v. McCullough, 300 N. Y. 107; People v. Wilson, 13 N Y 2d 277).”
Section 1943 of the Penal Law has been amended by passage of chapter 446 of the Laws of 1964, effective, upon the signing thereof, on April 10, 1964, by adding the following provision immediately preceding the last sentence: 1‘ provided however, that no previous conviction in this or any other state shall be utilized as a predicate for multiple offender treatment pursuant to either section nineteen hundred forty-one or section nineteen hundred forty-two of this article if such conviction was obtained in violation of the rights of the person accused under the applicable provisions of the constitution of the United States.
" An objection that a previous conviction was unconstitutionally obtained may be raised at this time and the court shall so inform the person accused. Such an objection shall be entered in the record and shall be determined by the court, without empanelling a jury. The failure of the person accused to challenge the previous conviction in the manner provided herein shall constitute a waiver on his part of any allegation of unconstitutionality unless good cause be shown for his failure to make timely challenge.”
The defendant contends that the North Carolina conviction alleged in the prior offense information was unconstitutionally obtained " in that he was without counsel and without funds to hire counsel and that counsel was not assigned to represent him in violation of defendant’s right to due process of law under the 14th amendment to the Constitution of the United States.”
One of the papers upon which the motion is made is an affidavit by Foster Edward, Clerk of the Superior Court of New Hanover County, State of North Carolina, who says that he has been so employed since December 1, 1950; that he is familiar with the practices of the Superior Court of New Hanover County with respect to the prosecution of defendants on criminal charges and that “ at the time of the prosecution of Willie Griffin under indictment numbers 1024 and 1025, it was not the practice of the court to assign counsel to defendants who could not afford to retain a lawyer ” and that “ in those cases in which defense *1052 counsel was retained, to endorse the name and address of the attorney for the defendant on the indictment ” and that since the records of the court with reference to said indictments “ contain no reference to the defendant being represented by counsel, it appears that he was not represented by counsel, either retained or assigned.”
Under the circumstances, the motion of the defendant for an order dismissing the prior offense information filed against him herein is granted unless the District Attorney shall desire a hearing for the purpose of either establishing that the defendant was in fact represented by counsel or that he consciously and knowingly waived his right to counsel, being cognizant of his constitutional rights to have counsel appointed for him (People v. Sabatino, 41 Misc 2d 170,- People v. Crimi, 278 App. Div. 997, affd. 303 N. Y. 749).