Hamilton Ward, J.
This is a motion for resentence, made it is claimed, pursuant to the provisions of section 1943 of the Penal Law, as amended. It appears from the petition that on or about June 1, 1951, the defendant was convicted in the Erie County Court, upon his plea of guilty to a charge of attempted grand larceny and received a 5 to 10-year sentence. This judgment was vacated in a subsequent habeas corpus proceeding (see People ex rel. Dold v. Martin, 284 App. Div. 127 [1954]) and on remand the defendant was, on July 27, 1954, again convicted upon his plea of guilty and sentenced as a second felony offender to a term of from 2% to 7% years. It is further alleged *53 that on December 1,1956, the defendant received a 5 to 10 years’ sentence in the Erie County Supreme Court, again as a second offender, when the court elected not to conduct a trial upon the question of the defendant’s identity as the same person previously convicted in the Erie County Court in 1951 and to treat him as a second offender upon the basis of an Indiana conviction which the defendant admitted. However, upon resentence in this court in 1960 as a third felony offender, the defendant received the same sentence after admitting his identity as the person previously convicted in the Erie County Court in 1951.
The attack here is upon the judgment rendered in the Erie County Court on July 27, 1954, used as a predicate for the 1960 sentence of the defendant as a third felony offender.
The initial question presented is whether, upon a motion for resentence, this court, in the light of the amendment to section 1943 of the Penal Law, must entertain an attack upon a predicate judgment of conviction had in the Erie County Court or is the proper remedy as to such earlier judgment, an application in the nature of a writ of error coram nobis in the court of conviction for an order vacating the judgment.
The amendment to section 1943 of the Penal Law by chapter 446 of the Laws of 1964, which is relied upon in support of this application, was precipitated by the decision in United States ecc rel. La Near v. La Vallee (306 F. 2d 417 [U. S. C. A. 2d 1962]), holding that a New York State prisoner could maintain a Federal habeas corpus proceeding attacking an out-of-S.tate conviction used by a New York court as a predicate for increased punishment although the prisoner had not exhausted his remedies in the courts of the State where the conviction under attack was rendered. This holding, recognizing that the decisional law of this State foreclosed such an attack in our courts, when read together with the dissenting opinion in Oyler v. Boles (368 H. S. 448 [1962]) cast a cloud of constitutional doubt upon the New York multiple offender statutes.
In response to this threat, chapter 446 was enacted permitting challenge at the time of sentence to previous convictions relied upon to increase the allowable punishment where it is claimed that such convictions had been obtained in violation of the defendant’s constitutional rights.
The amending act forbids the use of any ‘1 previous conviction in this or any other state * * * as a predicate for multiple offender * * * if such conviction was obtained in violation of the rights of the person accused under the applicable provisions of the constitution of the United States.”
*54 The remedy, if there is a claim that a previous conviction was unconstitutionally obtained, is an objection thereto at the time of sentence, which objection is to be determined by the court. Failure to challenge at the time of sentence is declared a waiver unless good cause be shown for such failure.
There is nothing in the language of the amendment read literally to indicate that its provisions were not intended to apply in the- future to previous convictions wherever rendered. In fact, it could be argued that the waiver provisions, which were inserted to discourage the practice of delaying attack upon prior judgments until records and witnesses had disappeared (see Memorandum of State Department of Law, McKinney’s 1964 Session Laws of New York, p. 1872), would be more effective if the statute were so interpreted inasmuch as the problems which arise in connection with a review judgments of convictions of many years standing are not confined to those rendered in other States.
There is however in my opinion, a serious question as to the implication of the amendment with .respect to prior New York State convictions since it was originally inspired by a total lack of remedy in New York where foreign convictions were concerned. (See People v. McCullough, 300 N. Y. 107 [1949]; People v. Wilson, 13 N Y 2d 277 [1963]; La Near v. La Vallee, supra.) In-State convictions were, of course, subject to attack by way of coram nobis. (Matter of Bojinoff v. People, 299 N. Y. 145 [1949].)
Put precisely, the question here is whether the amendment to section 1943 of the Penal Law can be said to have created by implication a new remedy where the previous conviction was had in a New York court and the sentence sought to be corrected was imposed prior to the effective date of the amendment, that is, April 10, 1964.
In the only appellate consideration of the amendment to date, the Appellate Division of the Supreme Court, First Department, has held it to be “ retrospective ” and, in a case where an out-of-State conviction was alleged to be constitutionally invalid, held that a motion for resentence was the proper remedial procedure. (People v. Cornish, 21 A D 2d 280 [1964].) The statute itself does not speak retrospectively nor does it mention relief by way of motion for resentence; still the constitutional need for some procedure to permit challenge to out-of-State judgments would not be fully satisfied unless .such procedure were available to those sentenced prior to the effective date of the amendment. A contrary holding, as the court in Cornish pointed *55 out, would have relegated some defendants to Federal habeas corpus proceedings while others could seek redress in State courts depending upon whether the sentence, predicated upon prior out-of-State convictions, was imposed prior to or following April 10,1964. The holding in Cornish is not, strictly speaking, the result of an interpretation of the language of the amending act but rather a finding that since “ there is now a State remedy on sentence for challenge of prior convictions under the multiple offender law on the ground that the predicate convictions were rendered in violation of constitutional limitations * * * any irregularity or illegality in the sentencing procedure, which now embraces the opportunity for such challenge, may be corrected on a motion for resentence ” (People v. Cornish, supra, p. 282) and, for impelling constitutional reasons, that remedy was held available to one sentenced before the effective date of the act and who sought to challenge an out-of-State conviction. The same necessity is not present however in cases where the prior conviction was had in a court of this State since an adequate remedy .is available to attack such a judgment by way of the writ of error coram nobis.
Of course the opportunity to test, at the time of sentence, previous in-State convictions used as predicates for multiple offender treatment would eliminate the necessity of first proceeding in the trial court by way of coram nobis and since the latter remedy is available only when no other mode of relief exists (People v. Sullivan, 3 N Y 2d 196 [1957]), the motion for resentence would be the exclusive corrective procedure when the challenge was not made at the time of sentence, subject of course to the statutory requirement that good cause be shown to excuse the failure. Such a review of judgments of conviction by courts of co-ordinate or even inferior jurisdiction would be however a radical departure from the notion that the trial court is peculiarly qualified to pass upon claims, among others, that its judgment was afflicted by some due process failure. (See People v. McCullough, 300 N. Y. 107, 110, supra.) It may well be that in the case of out-of-State convictions necessity requires the procedure which the statute now provides, but that is not true with respect to previous domestic judgments of conviction. One cannot help but wonder whether such a proliferation of forums in which judgments of conviction could be called into question would not lead to the “ chaotic situation ” envisioned by the late Chief Judge Lehman of the Court of Appeals in Matter of Morhous v. New Yorh Supreme Court (293 N. Y. 131, 140) when an attempt to achieve such a review by habeas corpus in a court *56 other than that in which the judgment was granted was rejected.
While it is probably no more difficult for a State court than for a Federal District Court to review for due process failure, a judgment of conviction obtained in the courts of a sister State, the same is not true .of the sentencing court vis-a-vis, the court in which the earlier judgment was granted.
Considering the state of the law prior to the amendment to section 1943 of the Penal Law it is apparent that the only need was for a procedure allowing challenge to foreign judgments of conviction. The memorandum of the Governor upon approving the bill noted that with respect to challenges to prior judgments of conviction obtained in New York “ our laws afford him adequate procedures for doing so. However, if the prior conviction was had in another jurisdiction there is presently no procedure under the laws of this State for challenging the conviction, no matter how patently unconstitutional that conviction might be ”. He then wrote: ‘1 This bill * * * would fill a gap which now exists in our law governing the administration of criminal justice ”. (McKinney’s 1964 Session Laws of New York, p. 1962.) Certainly, the implication of that memorandum is that the new procedure would apply only to prior out-of-State judgments.
These factors and the incongruous results which a contrary interpretation would entail, impel me to conclude that the amendment to section 1943 of the Penal Law made by chapter 446 of the Laws of 1964, does not apply to predicate judgments of conviction had in New York State courts.
I hold, therefore, that relief by way of a motion for resentence is not available where the challenged predicate conviction was obtained in a New York court and it follows therefore that in such cases an application to vacate the judgment should be made to the trial court.
It may not be amiss to observe that the amendment to section 1943 of the Penal Law even as construed here imposes a substantial burden upon sentencing courts required as they are to review, at the time of sentence, judgments of conviction had, often long ago, in the courts of other States. (See People v. Washington, 44 Mise 2d 368 [(County Ct., 1964]; People v. Broderick, 43 Mise 2d 1014 [Supreme Ct., 1964].) This burden will, of course, be increased by motions for resentence where out-of-(State convictions are questioned and it would be increased still more if applications for resentence were permitted based upon prior New York convictions. The practical effect of the decision in this case, if it be correct, will be to preserve the existing coram nobis procedure where in-State convictions are sought *57 to be vacated and to extend relief by way of objection at the time of sentence or by motion for resentence where foreign judgments of conviction are concerned.
The motion for resentence should be denied without prejudice to an application in the Erie County Court to vacate the judgment of conviction alleged to be invalid.