Liston F. Coon, J.
Defendant has moved for resentence as a first felony offender based upon an alleged unconstitutional conviction when he was 18 years old. The record discloses that this defendant has been convicted of felonies on three occasions, for forgery second degree in 1941; forgery second degree in 1943 and grand larceny second degree in 1962, all in Cortland County Court. On each of the second and third convictions he received additional punishment pursuant to section 1941 of the Penal Law.
On January 14, 1964, an order was made by the then County Judge of Cortland County setting aside the 1941 forgery conviction. For some reason, not known to this court, defendant was never arraigned for resentence as a second felony offender. To this extent, then, the pending motion must be granted.
However, it is now the claim of defendant that the 1943 conviction should be set aside in light of the amendment to section 1943 of the Penal Law by chapter 446 of the Laws of 1964. He contends that such conviction was unconstitutionally obtained through deprivation of right to counsel.
*760 Following argument by respective counsel it was stipulated that this proceeding be treated by the court, alternatively, as a motion to resentence and as a petition for writ of error coram nobis.
The relief afforded by the amendment to section 1943 has been determined to be retroactive and that a motion for resentence is the proper vehicle for its implementation. (People v. Cornish, 21 A D 2d 280.) It is to be noted, however, that the issue here involves a New York State conviction whereas Cornish (supra) concerned a Pennsylvania judgment.
In the only decision on this point, the Supreme Court, Erie County (Ward, J.) held that as a post-judgment remedy, prior New York State convictions were not within the legislative intent of chapter 446. (People v. Dold, 45 Misc 2d 52.) This court subscribes to the reasoning therein.
While it is true that the subject amendment recites that, “ no previous conviction in this or any other state shall be utilized ”, etc., the legislative intent is conceived to be that at the time of sentence a New York State conviction may be challenged but not subsequent thereto. Chapter 446 creates a remedy for situations where there was none before. Lack of counsel has long been grounds for attack in this State by way of coram nobis. (Matter of Bojinoff v. People, 299 N. Y. 145.)
Deciding that a motion for resentence is not proper in this case as to the second conviction, consideration will be given to it via coram nobis. It is defendant’s position that failure to assign counsel prior to his plea to a felony violated his constitutional rights and is thus subject to be vacated on the authority of Gideon v. Wainwright (372 U. S. 335).
The record shows that defendant appeared in court in answer to the 1943 forgery indictment at which time he was advised of his right to counsel, albeit not to assigned counsel. Defendant stated he did not desire counsel and pleaded guilty to the indictment. Sentence was deferred for one week during which time counsel was assigned. At that subsequent arraignment defendant was charged with being a second felony offender. Counsel requested and was granted a week’s adjournment. On the adjourned date defendant admitted the prior conviction and was sentenced as a second felony offender.
Does Gideon {supra) apply in this situation? The court thinks not. The holding in Gideon stands for the proposition as stated therein that “ any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him ” (372 U. S. 335, 344). The dissimilarity between the two cases is striking. Gride on asked for assigned *761 counsel, was refused and was forced to try his own case. The defendant here did not ask for counsel and did not go to trial.
We are thus relegated to the prevailing decisional law in New York State. As a basic proposition, it is the law of this State that a defendant who, being advised of right to counsel, states that he does not desire counsel and pleads guilty, cannot thereafter attack the conviction on that ground. (People v. Crimi, 303 N. Y. 749.) The court is not required to advise the defendant that counsel will be assigned if he is without funds. (People v. Sprung, 13 A D 2d 877.) There is less merit to a defendant’s contentions when, after plea and before sentence, counsel actually is assigned. (People v. Murphy, 202 Misc. 332.)
The record amply shows that at the time of sentence defendant was represented by competent counsel who had been granted an adjournment subsequent to being assigned. A motion to withdraw the plea or other remedial motion could have been made had counsel deemed it advisable.
Coram nobis does not lie here and a hearing is denied. Defendant’s motion for resentence is granted for the purpose of being resentenced as a second felony offender.