█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS CECIL JONES, Appellant.— Appeal by defendant from an order of the County Court, Westchester County, entered April 19, 1965, which denied without a hearing his application to vacate a judgment of said court, entered July 23, 1963, convicting him of robbery in the third degree (vacatur was sought insofar as the judgment imposed sentence upon defendant as a second felony offender), and to be resentenced as a first felony offender pursuant to section 1943 of the Penal Law, as amended. Order reversed, on the law, and application remitted to the court below for a hearing and for further proceedings not inconsistent herewith. It appears that on July 23, 1963 defendant was convicted on his plea of guilty of robbery in the third degree in Westchester County. At the time of sentence defendant admitted a prior conviction for grand larceny in the third degree in Queens County. He was therefore sentenced as a second felony offender. In December, 1964 defendant moved in the court below for resentence as a first felony offender, pursuant to section 1943 of the Penal Law, as amended, effective April 10, 1964. The statute created a remedy whereby a defendant can challenge the validity of a previous conviction obtained in violation of his rights under the applicable provisions of the Constitution of the United States " *in this* or any other State" at the time he is adjudged a multiple offender, or at some later time, upon a showing of good cause for failure to make a timely challenge (emphasis supplied). This remedy did not exist prior to the amendment with respect to prior out-of-State convictions (*People* v. *McCullough,* 300 N. Y. 107; *People* v. *Wilson,* 13 N Y 2d 277). The statute has been held to have a retrospective effect (*People* v. *Cornish,* 21 A D 2d 280; *People* v. *Broderick,* 24 A D 2d 638). Invoking the section as amended, defendant claimed that his prior conviction in Queens County was obtained in violation of his constitutional rights. The relief was denied for reasons stated in *People* v. *Esposito* (N. Y. L. J., April 15, 1965, p. 18, col. 3, decided the same day). There the court held that while the statute applied to defendants challenging prior *out-of-State* convictions as a predicate for multiple punishment, and that the statute was retrospective in effect (*People* v. *Cornish, supra*), it did not apply retrospectively to prior *in-State* convictions, as in-State defendants always had the remedy of *coram nobis* available to them. The relief, however, was denied without prejudice to proceed " in a proper manner in the proper court." In our opinion, the disposition below was erroneous. The statute as amended applies to *in-State* defendants in view of the clear and unambiguous language which permits a defendant to challenge a previous conviction " *in this* or any other State" (emphasis supplied) if such conviction was obtained in violation of his constitutional rights. We are also of the opinion that it applies retrospectively (*People* v. *Cornish,* 21 A D 2d 280, *supra*). Moreover, in view of the amendment to the statute, the application is one " to correct an error by our courts in treating him as a multiple offender " and is deemed " to be one for *coram nobis* relief " (*People* v. *Machado,* 17 N Y 2d 440, 442). Beldock, P. J., Christ, Hill and Benjamin, JJ., concur; Rabin, J., dissents and votes to affirm the order under review, with the following memorandum: In view of the mischief to be corrected, it seems plain that the intent of the Legislature in amending section 1943 of the Penal Law in 1964 was limited to out-of-State convictions (*People* v. *Dold,* 45 Misc 2d 52; *People* v. *Beckwith,* 45 Misc 2d 759). In my opinion,

the language used by the Legislature, "previous convictions *in this* or any other State," even though ostensibly clear in its purport, has to be read in light of the existing condition which the Legislature sought to remedy (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 76, "Statutes too clear for construction", pp. 127, 130: "But the fact that the words used are not ambiguous does not prohibit the courts from considering the surrounding circumstances, the canons of construction, acts *in pari materia*, and other considerations indicating the legislative intent, it is clear intent, not clear language, which precludes further investigation as to the interpretation of a statute"). In any event, the People should have the right of review by the court of last resort on the question of whether the amendatory language did other than that which was intended by the Legislature (*People* v. *Reed*, 276 N. Y. 5).