Julius Helfand, J.
This is a coram nobis application to vacate a judgment entered on October 19, 1965 convicting defendant, upon his plea of guilty of robbery in the third degree, armed, and imposing sentence upon him as a third felony offender. It is obvious from the claims asserted in defendant’s *907 petition in support of Ms application that he here seeks the vacatur of his two prior felony convictions and his adjudication in this court as a third felony offender, and to be resentenced as a first felony offender. The two prior felony convictions, used as predicates for his adjudication as a multiple felony offender, were entered in New York County; and, defendant, apparently relying on section 1943 of the Penal Law, as amended effective April 10, 1964 (L. 1964, ch. 446), attacks those two convictions principally on the ground that they were obtained in violation of his constitutional rights.
The records in this court show that, before defendant was here sentenced, he was first arraigned upon an information accusing him of being a third felony offender by reason of the aforesaid two prior felony convictions in New York County; that, upon this arraignment, he expressly admitted that he was the person convicted and sentenced as alleged in the information. He was then advised, in the language of section 1943 of the Penal Law, as amended, that he had the right to raise an objection that either or both of these two prior convictions were obtained in violation of his rights under the applicable provisions of the Constitution of the United States; that, if he raised any objection, “it will be entered into the record, and tried by the court without a jury ’ ’; and that Ms failure to challenge these convictions would constitute a waiver on his part of any claim of unconstitutionality “ unless good cause be shown for failure to make timely challenge ”. He was then asked whether he was “ raising any objection that the prior convictions alleged in the information were obtained in violation of your rights under the applicable provisions of the United States Constitution ”. After consulting with his counsel, he answered in the negative; and he was then adjudged a third felony offender and sentenced as such.
In the court’s view, in the light of defendant’s express statement at sentence that there were no constitutional infirmities in the two prior felony convictions in New York County, he is barred from asserting a contrary claim in this court now. To hold otherwise would render section 1943 of the Penal Law, as amended, meaningless.
People v. Jones (25 A D 2d 675) is not to the contrary. There, defendant sought to vacate a judgment entered in July, 1963 in the County Court of Westchester County, convicting M-m of robbery in the third degree and imposing sentence upon Mm as a second felony offender, upon the ground that his adjudication as a second offender was based on a prior felony conviction in Queens County which had been obtained in viola *908 tion of Ms constitutional rights. In 1963, section 1943 of the Penal Law contained no provision affording the defendant the right to challenge a prior felony conviction as unconstitutionally obtained; and the Appellate Division held that, since the subsequent amendment of section 1943 of the Penal Law, effective April 10, 1964, was retroactive in effect (People v. Cornish, 21 A D 2d 280; People v. Broderick, 24 A D 2d 638), defendant was entitled to the benefits thereof; and that, as a consequence, he was entitled to a hearing in the Westchester County Court on the issue whether his prior felony conviction in Queens County was obtained in violation of his constitutional rights.
In the present case, as hereinbefore stated, when defendant was arraigned as a multiple offender in this court in 1965, he was fully advised of his rights under section 1943 of the Penal Law, as amended in 1964. Having failed to challenge the prior felony convictions at that time, he may not do so now.
Defendant, of course, is not without a remedy vis-a-vis the prior convictions in New York County. He has the right, as he always did, even before the amendment of section 1943 of the Penal Law, to attack the two in-State prior convictions in the court where they are entered. (People v. McCullough, 300 N. Y. 107; People v. Wilson, 13 N Y 2d 277); and, if successful there, he may then seek resentence here.
His motion is, therefore, in all respects denied.