■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES B. GILLESPIE, Appellant.— Order unanimously affirmed, without prejudice to further proceedings in accordance with the memorandum. Memorandum: In March, 1963, defendant after conviction of forgery and grand larceny was sentenced as a fourth felony offender. Before an appeal from the judgment of conviction had been heard one of the predicate felonies was declared invalid and in December, 1963, he was resentenced as a third offender. In 1964 this court affirmed the original judgment of conviction (22 A D 2d 1016). The petition in this *coram nobis* proceeding commenced in December, 1965 and denied without a hearing alleges that at the time of resentence defendant's expressed desire to challenge the validity of the remaining predicate convic-

tions was denied; that no appeal had been filed after the resentence; that the court has never reviewed the resentencing proceedings and he now seeks to be resentenced so that he may file a timely appeal to raise the issues concerning the two predicate felonies. Upon the oral argument counsel for appellant stated that defendant is actually seeking to challenge the constitutionality of the two prior out of State convictions. He recognized, however, that the petition fails to adequately assert grounds for such relief. Prior to 1964 there was no procedure under New York laws for challenging the constitutionality of out of State convictions as a predicate for multiple offender treatment. (*People* v. *Wilson*, 13 N Y 2d 277; *People* v. *McCullough*, 300 N. Y. 107.) Section 1943 of the Penal Law as amended in 1964 now requires our courts to give relief when it appears that a defendant's previous out of State conviction was obtained in violation of his constitutional rights. (*People* v. *Machado*, 17 N Y 2d 440.) The proper procedure for challenging such convictions is to make an application for resentence upon a petition reciting the facts supported by available affidavits and records from the foreign State. (*People* v. *Cornish*, 21 A D 280.) (Appeal from order of Oneida County Court denying, without a hearing, motion to vacate judgment of conviction for forgery, second degree, grand larceny and petit larceny rendered December 30, 1963.) Present — Bastow, J. P., Goldman, Del Vecchio and Marsh, JJ.